DAUKSCH, Judge.
This is an appeal from an order suppressing evidence. Appellee was arrested for carrying a concealed firearm and it was the firearm which was suppressed.
The testimony in this matter is short and somewhat conflicting. That is explained by the fact that the testimony available to the trial judge, so far as our record reveals, was in the form of a deposition attended only by the defense attorney and the policeman. Although apparently notified of the taking, the prosecution did not attend, however, the record does reveal the basis for the search and reversal of the order.
At 4:00 A.M. Officer Peck was flagged down by a woman he knew to be a prostitute who told him appellee Warren had robbed her of $250.00. Peck had seen Warren’s car leaving the woman and knew it was Warren’s car at that time. After she told him Warren had robbed her, Peck went after Warren and stopped him. Peck requested a computer check on Warren’s driver license and determined it had been suspended so he arrested him for driving on a suspended license or driving without a valid license (the testimony varies) and searched underneath the seat and found the firearm. A violation of Section 322.34, Florida Statutes (1983) calls for an arrest. A search of the immediate area around the arrestee is permitted when incident to arrest. A firearm under the seat but not visible from outside is a concealed weapon. Savoie v. State, 422 So.2d 308 (Fla.1982); State v. Bowlin, 435 So.2d 986 (Fla. 4th DCA 1983); State v. Valdes, 423 So.2d 944 (Fla. 3d DCA 1982). See also, New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).
The order granting the motion to suppress was error because the search was a lawful search incident to arrest. Although not mentioned by the parties, it is noted the officer also had probable cause to arrest appellee and seize the car and its contents for the reported robbery. That too justifies the search and seizure of the firearm. The order suppressing the evidence is reversed and this cause remanded for trial.
REVERSED and REMANDED.
ORFINGER, C.J., and FRANK D. UP-CHURCH, Jr., J., concur.