453 So.2d 218 (1984)
STATE of Florida, Appellant,
v.
Dalpathbhai N. PATEL, Appellee.
No. 83-626.
District Court of Appeal of Florida, Fifth District.
July 26, 1984.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellant.
J.F. Johnson, Jr., Bushnell, for appellee.
DAUKSCH, Judge.
This is an appeal from an order under Rule 3.190(c)(4) Florida Rules of Criminal Procedure, dismissing a criminal charge of *219 manslaughter. The state alleges appellee drove his car in a culpably negligent fashion and caused the death of a child who had crossed the roadway after having been dropped off by a school bus.
An order dismissing an information pursuant to a (c)(4) motion is similar to a summary judgment in a civil case. It should be granted sparingly and only when no factual basis exists which could establish a prima facie case of guilt. It is not a substitute for a directed judgment of acquittal at trial nor is it a test of the weight to be given to witness testimony or other evidence. Here there was evidence in the form of deposition testimony and the sworn motion and traverse[1] which indicates appellee was travelling a busy highway, S.R. 50, behind a truck which was behind a school bus; that the bus stopped, flashed its caution lights and displayed its stop sign; that appellee could or did see the bus, passed it notwithstanding the stop indicator, and struck the child. There are other facts in the record regarding distances, speeds and times which all should go to a trier of fact to determine whether appellee is guilty of the crime charged, or some lesser included offense, but all the facts in the record do require a trial. See State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981).
REVERSED and REMANDED.
COBB, C.J., concurs.
SHARP, J., concurs in part, dissents in part with opinion.
SHARP, Judge, concurs in part; dissents in part.
Degrees of culpability are difficult to measure with uniformity and accuracy, and the measure will necessarily vary from case to case with the size of the trial judge's yard stick, or that of the reviewing appellate panel's majority. However, making such a measure is the duty and function of the court, whether it is in the context of a directed verdict, or in ruling on a (c)(4) motion.[1]See State v. Pastorius, 419 So.2d 1137 (Fla. 4th DCA 1982).
I agree with the majority that only a prima facie case need be shown by the state in the context of a (c)(4) motion. State v. Horne, 399 So.2d 49 (Fla. 3d DCA 1981). However, viewing the record in this case in the most damaging light to Patel, I do not think it prima facie establishes conscious reckless conduct on his part sufficient to constitute "culpable negligence" as required by the criminal manslaughter statute. § 782.07, Fla. Stat. (1981).
Our supreme court has indicated such conduct must be so wanton as to be tantamount to willful conduct. See Cannon v. State, 91 Fla. 214, 107 So. 360 (Fla. 1926). Where only one or two factors were proven, such as speeding or being on the wrong side of the road, the courts have held that culpable negligence was not proven.[2]
In this case the only factor established for purposes of the (c)(4) motion was that Patel passed a school bus on a two lane highway that had its caution lights on and its stop sign displayed. Patel was following a semi-truck that passed the school bus before the stop sign came on. The truck obscured the vision of Patel's station wagon by the bus driver, who did not see Patel until after she had opened the door and the child jumped out. The child was hit three seconds later. The state did not show that Patel saw the child victim exit the bus and run in front of it. Patel saw the child only microseconds before impact with his car. Prior to the accident Patel had not been speeding, and he was not intoxicated.
*220 In my view the (c)(4) motion should have been granted as to the charge of criminal manslaughter, but denied as to the lesser included offense of vehicular homicide. § 782.071, Fla. Stat. (1981). Vehicular homicide only requires proof of reckless conduct in the operation of a motor vehicle. McCreary v. State, 371 So.2d 1024 (Fla. 1979); State v. Sheppard, 401 So.2d 944 (Fla. 5th DCA 1981). That, at the most, was all the record established in my view.
NOTES
[1] We note the motion was not sworn to by the defendant, but the state did not object to this defect. See State v. Mayle, 406 So.2d 108 (Fla. 5th DCA 1981).
[1] Fla.R.Crim.P. 3.190(c)(4).
[2] See Smith v. State, 65 So.2d 303 (Fla. 1953); Graives v. State, 127 Fla. 182, 172 So. 716 (1936); Scarborough v. State, 188 So.2d 877 (Fla. 2d DCA 1966); Jackson v. State, 100 So.2d 839 (Fla. 1st DCA 1958). Compare Filmon v. State, 336 So.2d 586 (Fla. 1976); Tegethoff v. State, 220 So.2d 399 (Fla. 4th DCA 1969). But see Franklin v. State, 120 Fla. 686, 163 So. 55 (Fla. 1935).