465 So.2d 580 (1985)
STATE of Florida, Appellant,
v.
Dan FORDHAM, Appellee.
No. 84-361.
District Court of Appeal of Florida, Fifth District.
March 14, 1985.
*581 Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellant.
Jack Singbush, P.A., Ocala, for appellee.
DAUKSCH, Judge.
This is an appeal from an order granting a motion to dismiss a criminal charge. Florida Rule of Criminal Procedure 3.190(c)(4) provides that a criminal charge will be dismissed if an accused files a sworn motion stating the facts as set out in the motion are undisputed, that they are the facts upon which the charge is based and that those facts do not establish a prima facie case of guilt.
As has been said clearly and often, the accused must swear to the motion. State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981); Fla.R.Crim.P. 3.190(c)(4). Equally clear is that the trial court should not decide or reconcile disputed issues of fact raised by the state's traverse or inherent in the defendant's motion. State v. Fuller, 463 So.2d 1252 (Fla. 5th DCA 1985); State v. Sheppard, 401 So.2d 944 (Fla. 5th DCA 1981); State v. Pettis, 397 So.2d 1150 (Fla. 5th DCA 1981); State v. Upton; State v. Featherolf, 388 So.2d 38 (Fla. 5th DCA 1980); State v. Fort, 380 So.2d 534 (Fla. 5th DCA 1980). All questions and inferences from the facts are resolved in favor of the state, like the non-moving party in a civil summary judgment proceeding. State v. Fuller; State v. Patel, 453 So.2d 218 (Fla. 5th DCA 1984); State v. Raulerson, 403 So.2d 1102 (Fla. 5th DCA 1981); State v. Green, 400 So.2d 1322 (Fla. 5th DCA 1981).
Here the motion was not sworn to and the affidavit which appellee signed saying "To the best of my knowledge, based upon my reading of the above depositions, the facts and matters alleged in said motion are true and correct since they derive from the sworn statements of depositions in this cause" is not sufficient to satisfy the rule requirements. This declaration is nothing more than a non sequitur. Additionally, the oath of the accused must be based upon his own knowledge of the facts and not "upon information and belief." State v. Upton.
The order is reversed and this cause remanded for trial.
REVERSED.
ORFINGER and SHARP, JJ., concur.