481 So.2d 26 (1985)
CITY OF MIAMI, Appellant,
v.
Richard E. SWIFT, Appellee.
No. 85-180.
District Court of Appeal of Florida, Third District.
December 10, 1985.
Rehearing Denied January 21, 1986.
Lucia A. Dougherty, City Atty. and Gisela Cardonne, Deputy City Atty. and Richard L. Druks, Asst. City Atty., for appellant.
Preddy, Kutner & Hardy and G. William Bissett, Miami, for appellee.
Before BARKDULL, NESBITT and DANIEL S. PEARSON, JJ.
BARKDULL, Judge.
The plaintiff was stopped in his vehicle by two police officers for an alleged traffic violation. Plaintiff got out of his vehicle and walked back to the patrol car and handed one of the officers his drivers license. While the plaintiff was engaged in conversation with one of the officers, the second officer searched plaintiff's vehicle.[1] This search uncovered a .25 caliber revolver which was in the lidded console/armrest located between the two front seats. Plaintiff was arrested for carrying a concealed weapon. He was taken to the City of Miami jail where he was fingerprinted, photographed and placed in a holding cell for about an hour. He was then transported to the Dade County jail where he was *27 relieved of his personal belongings, including his boots. He was again photographed and fingerprinted and ultimately subjected to a strip search. He was placed in a cell where he remained for several hours until bond was eventually posted and he was released. Upon release he had to proceed outside in the rain without shoes to get to the property section and retrieve his boots and other personal property. The state did not prosecute and the charges were dismissed. The plaintiff then filed an action for false arrest and imprisonment. At the close of plaintiff's case, the City moved for a directed verdict, which motion was denied. The City then put on its case in defense, but did not renew its motion for a directed verdict at the close of all the evidence. The jury returned a verdict in favor of plaintiff in the amount of $50,000. The City moved for a new trial and/or remittitur, which motion was denied. This appeal ensued.
The City contends: 1) an insufficiency of evidence; 2) that the firearm was not in a closed container; and 3) that the verdict was excessive. We affirm.
First, the question of sufficiency of the evidence was not preserved by motion for directed verdict at the conclusion of all the evidence. Honda Motor Company Ltd. v. Marcus, 440 So.2d 373 (Fla. 3d DCA 1983); Barnett First National Bank of Cocoa v. Shelton, 253 So.2d 480 (Fla. 4th DCA 1971); Ramadan v. Crowell, 192 So.2d 525 (Fla. 2d DCA 1966).
Second, a firearm contained in a console compartment of an automobile on which the lid is closed does not constitute the carrying of a concealed weapon in violation of Section 790.01(2) Florida Statutes (1981). Carrying a firearm in a motor vehicle in such a manner comes within the exception to carrying a concealed weapon found in Section 790.25(5), Florida Statutes (Supp. 1982)[2] in which the proscribed conduct is carrying a concealed weapon that is not securely encased or is otherwise readily accessible for immediate use. To hold that the carrying of a firearm in a console with the lid closed was proscribed by the statute, when the legislature has defined "securely encased,"[3] in part, "to be in a closed box or container which requires a lid or cover to be opened for access," would frustrate the intent of the legislature since it is no less readily accessible for immediate use. See Alexander v. State, 477 So.2d 557 (Fla. 1985).
Lastly, we do not find the verdict to be excessive in light of the testimony that the plaintiff was incarcerated, subjected to a strip search and the charge of carrying a concealed weapon and arrest thereof continues on the computers of Dade County with no notation that the charges were dismissed. In this connection see and compare Bould v. Touchette, 349 So.2d 1181 (Fla. 1977); Brickman v. Garrido, 291 So.2d 26 (Fla. 3d DCA 1974); Mary Beth G. v. City of Chicago, 723 F.2d 1263 (7th Cir.1983); United States v. Benlizar, 459 F. Supp. 614 (Dist.Ct.D.C. 1978); Davidson v. Dell, 180 Col. 123, 503 P.2d 157 (1972).
*28 Therefore, for the reasons above stated, the final judgment under review is affirmed.
NOTES
[1] The validity of the search was not challenged in the trial court nor was it raised on appeal. Nothing contained herein should be construed as a ruling by this court approving the validity of a search under the facts of the instant case.
[2] Section 790.25(5), Florida Statutes (Supp. 1982).

(5) POSSESSION IN PRIVATE CONVEYANCE. 
Notwithstanding subsection (2), it is lawful and is not a violation of s. 790.01 to possess a concealed firearm or other weapon for self-defense or other lawful purpose within the interior of a private conveyance, without a license, if the firearm is securely encased or is otherwise not readily accessible for immediate use. Nothing herein contained prohibits the carrying of a legal firearm other than a handgun anywhere in a private conveyance when such firearm is being carried for lawful use. Nothing herein contained shall be construed to authorize the carrying of a concealed firearm or other weapon on the person. This subsection shall be liberally construed in favor of the lawful use, ownership, and possession of firearms and other weapons, including lawful self-defense as provided in s. 776.012.
[3] Section 790.001(16), Florida Statutes (Supp. 1982).

(16) "Securely encased" means encased in a glove compartment, whether or not locked; in a snapped holster; in a gun case, whether or not locked; in a zippered gun case; or in a closed box or container which requires a lid or cover to be opened for access.