PER CURIAM.
Appellant was charged in a five-count information with attempted murder (Count I), shooting into an occupied vehicle (Count II), two counts of aggravated assault (Counts III and IV), and possession of a firearm by a convicted felon (Count V). The jury acquitted him of the two counts of aggravated assault and found him guilty of aggravated battery without a firearm as a lesser included crime of Count I and guilty as charged in Counts II and V. Appellant raises three points on appeal, one of which merits discussion.
Murphy had previously been convicted of trafficking in cocaine and possession of a controlled substance, the basis for Count V. He made a pretrial motion for dismissal of the information, and alternatively, a motion for severance of defendants and counts. At the time of filing this motion, a codefendant had also been charged in the first four counts, but prior to trial he entered a plea and was removed as a defend *1238 ant. The motion for severance was not specifically argued during the pretrial proceedings nor did the trial court rule on it. In fact, the record reveals that counsel for appellant withdrew the motion. After the state rested its case, appellant's counsel admitted that it was error to withdraw his motion for severance. On appeal, appellant now argues that he never meant to withdraw his motion for severance of counts, but only to withdraw the motion for severance of defendants. He points out that he objected to the mention of Count V throughout his trial contending that it was prejudicial to try the charge of possession of a firearm by a convicted felon with charges of attempted murder and aggravated assault.
The decision to grant a motion for severance is discretionary with the trial court and its ruling should not be reversed absent an abuse of discretion. State v. Vazquez, 419 So.2d 1088 (Fla.1982). In Vazquez, the supreme court stated that where proof of a prior conviction is an essential element of one of the counts, the better practice is to sever that count in order not to deprive a defendant of the presumption of innocence. While severance would have been preferable, Florida Rule of Criminal Procedure 3.153 mandates that the motion for severance be made in a timely fashion:
Rule 3.153. Timeliness of Defendant’s Motion; Waiver
(a) A defendant’s motion for severance of multiple offenses or defendants charged in a single indictment or information shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for such a motion, but the court in its discretion may entertain such a motion at the trial. The right to file such a motion is waived if it is not timely made.
(b) If a defendant’s pre-trial motion for severance is overruled, he may renew the motion on the same grounds at or before close of all the evidence at the trial.
It is clear from the record that the motion for severance was not timely made in that it was not raised at the pretrial proceedings and not ruled upon. Objections are not a substitute for a formal motion, and any motion made at the close of the state’s case obviously is untimely.
Appellant maintains that the prejudice to him was so great that he was denied a fair trial and he urges us to find fundamental error. Fundamental error is error which goes to the foundation of the case or goes to the merits of the cause of action. Clark v. State, 336 So.2d 468 (Fla. 2d DCA 1976). Our initial reaction to this proposition is that we are hard pressed to find error of a fundamental nature in light of Rule 3.153 which provides for a waiver of the right to severance when the motion is not made in a timely fashion. Furthermore, appellant’s argument that failure to sever Count V prejudiced him so greatly as to deny him a fair trial is belied by the verdict. Of the five counts charged, appellant was acquitted of two and found guilty of three, one of which was a lesser included offense. The verdict demonstrates that the jury considered each count separately and was not prejudiced by Count V. We affirm.
AFFIRMED.
DELL and GUNTHER, JJ., and COL-BATH, WALTER N., JR., Associate Judge, concur.