508 So.2d 784 (1987)
STATE of Florida, Appellant,
v.
Vernon Ray GOMEZ, Appellee.
No. 86-1550.
District Court of Appeal of Florida, Fifth District.
June 25, 1987.
*785 Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellant.
George B. Turner, of Reinman, Harrell, Silberhorn, Moule & Graham, Melbourne, for appellee.
SHARP, Judge.
The state appeals from the dismissal of two counts in an information which charged Gomez with unlawfully carrying a concealed firearm[1] and a concealed weapon,[2] pursuant to defense counsel's "C-4" motion.[3] The motion was procedurally defective because it was not sworn to by Gomez.[4] However, since the state failed to timely raise this defect it was waived[5] and we therefore reach the substantive issues. We affirm the dismissal of the weapon count but reverse the dismissal of the firearm count.
In reviewing the dismissal of a criminal charge based on a "C-4" motion, all questions and inferences from the established facts must be resolved in favor of the state, analogous to a summary judgment in a civil case.[6] Accordingly, a motion to dismiss should be granted only when no factual basis exists which could establish a prima facie case against the defendant. State v. Patel, 453 So.2d 218, 219 (Fla. 5th DCA 1984).
Here, the motion to dismiss established that the firearm was discovered by a police officer underneath the driver's seat of a car which Gomez was driving. It was not encased, but was shoved under the seat so that a police officer who opened the rear car door had to get down on his knees and retrieve the weapon after a few seconds of grasping. The weapon in the car was a sheathed knife found in the closed console between the front seats.
Sections 790.01(1) and (2), Florida Statutes (1985) proscribe the carrying of a concealed weapon or a concealed firearm. Section 790.25(5), Florida Statutes (1985) provides an exception stating:
[I]t is lawful and is not a violation of s. 790.01 to possess a concealed firearm or other weapon for self-defense or other lawful purpose within the interior of a private conveyance, without a license, if the firearm or other weapon is securely encased or is otherwise not readily accessible for immediate use.
Section 790.001, Florida Statutes (1985) defines "readily accessible for immediate use" and "securely encased" in the following manner:

*786 (15) "Readily accessible for immediate use" means that a firearm or other weapon is carried on the person or within such close proximity and in such a manner that it can be retrieved and used as easily and quickly as if carried on the person.
(16) "Securely encased" means in a glove compartment, whether or not locked; snapped in a holster; in a gun case, whether or not locked; in a zippered gun case; or in a closed box or container which requires a lid or cover to be opened for access.
The Florida Supreme Court upheld the constitutionality of these three statutes in Alexander v. State, 477 So.2d 557 (Fla. 1985). In Alexander, the Court held that a firearm found in a defendant's unzippered hand purse with wallet, driver's license and other forms of I.D. was encased in a gun case and not "readily accessible for immediate use." Analogously, a sheathed knife within a closed console is not "readily accessible for immediate use." Cf. City of Miami v. Swift, 481 So.2d 26 (Fla. 3rd DCA), review denied, 491 So.2d 278 (Fla. 1986). Therefore, we agree the weapon count should have been dismissed.
However, the same cannot be said for the firearm count. Taking all inferences in favor of the state, a firearm found underneath a car seat is a concealed firearm,[7] and "readily accessible for immediate use." The fact that the police officer had to spend a few seconds to grasp the gun reaching from the back under the front seat, implies that it was "readily accessible" from the front of the seat. Therefore, we reverse the dismissal of the firearm count.
AFFIRMED IN PART; REVERSED IN PART.
UPCHURCH, C.J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting.
The very fact that the police officer had to open the rear car door and get down on his knees and spend a few seconds grasping from the back under the front seat in order to obtain possession of the gun establishes that the gun was not "readily accessible for immediate use" to the driver of the car. The dismissal of the firearm count should be affirmed.
NOTES
[1] § 790.01(2), Fla. Stat. (1985).
[2] § 790.01(1), Fla. Stat. (1985).
[3] Florida Rule of Criminal Procedure 3.190(c)(4) provides that a court may grant a motion to dismiss the charges lodged against a defendant where "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The fact on which such motion is based should be specifically alleged and the motion sworn to."
[4] See State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981); State v. Fordham, 465 So.2d 580 (Fla. 5th DCA 1985).
[5] State v. Patel, 453 So.2d 218, 219, n. 1 (Fla. 5th DCA 1984); Goodmakers v. State, 450 So.2d 888 (Fla. 2d DCA 1984); State v. Mayle, 406 So.2d 108, n. 3 (Fla. 5th DCA 1981), review denied, 419 So.2d 1200 (Fla. 1982).
[6] State v. Fordham, 465 So.2d 580 (Fla. 5th DCA 1985); State v. Fuller, 463 So.2d 1252 (Fla. 5th DCA 1985); State v. Patel, 453 So.2d 218 (Fla. 5th DCA 1984); State v. Raulerson, 403 So.2d 1102 (Fla. 5th DCA 1981); State v. Green, 400 So.2d 1322 (Fla. 5th DCA 1981).
[7] State v. Poole, 496 So.2d 224 (Fla. 5th DCA 1986); State v. Warren, 450 So.2d 1249 (Fla. 5th DCA 1984).