590 So.2d 497 (1991)
Ruben URQUIOLA, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2908.
District Court of Appeal of Florida, Third District.
December 3, 1991.
*498 Bennett H. Brummer, Public Defender and N. Joseph Durant, Jr., Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Eric Bruce and Michael J. Neimand, Asst. Attys. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and GERSTEN, JJ.
PER CURIAM.
The appellee, in its supplemental brief, having admitted[1] that the gun in the instant case was in a container and could not be removed without opening the lid, in effect, concedes that the firearm was encased within the exception of Section 790.25(5), Florida Statutes (1989).[2] Although the law enforcement officers and apparently the trial court, believe that the container lid must be secured by a zipper, or attached in some way or there will be a violation of Section 790.25(5), Florida Statutes (1989), we have held that a glove compartment in an automobile does not have to be locked to be a secure container. See City of Miami v. Swift, 481 So.2d 26 (Fla. 3d DCA 1985). Other courts have held that a man's purse constitutes a secure container. Alexander v. State, 477 So.2d 557 (Fla. 1985). The gun in the instant case could not have been put to use by the defendant without opening the lid of the pouch. We therefore hold that it was "securely encased" within the meaning of Section 790.25(5), Florida Statutes (1989), and the legislative definition of "securely encased" found in Section 790.001(16), Florida Statutes (1989)[3], which is controlling herein. See Gray v. Employers Mutual Liability Insurance Co., 64 So.2d 650 (Fla. 1952) and Greenleaf & Crosby Co. v. Coleman, 158 So. 421, 117 Fla. 723 (Fla. 1934). We therefore reverse the adjudication of guilt with directions to grant the motion to dismiss.
NOTES
[1] "If, as the state contends in its supplemental brief, the trial court had relied on the deposition of the trooper, then the gun was hanging from the dashboard in a plastic pouch with a flap laid over it. Then, following this Court's decision in City of Miami v. Swift, 481 So.2d 26 (Fla. 3d DCA 1985), rev. den., 491 So.2d 278 (Fla. 1986), the gun in this case was "securely encased" as defined by Section 790.001(16), Florida Statutes (1989)."
[2] Section 790.25(5), Florida Statutes (1989).

(5) POSSESSION IN PRIVATE CONVEYANCE.
Notwithstanding subsection (2), it is lawful and is not a violation of s. 790.01 to possess a concealed firearm or other weapon for self-defense or other lawful purpose within the interior of a private conveyance, without a license, if the firearm is securely encased or is otherwise not readily accessible for immediate use. Nothing herein contained prohibits the carrying of a legal firearm other than a handgun anywhere in a private conveyance when such firearm is being carried for lawful use. Nothing herein contained shall be construed to authorize the carrying of a concealed firearm or other weapon on the person. This subsection shall be liberally construed in favor of the lawful use, ownership, and possession of firearms and other weapons, including lawful self-defense as provided in s. 776.012.
[3] Section 790.001(16), Florida Statutes (1989).

(16) "Securely encased" means encased in a glove compartment, whether or not locked; in a snapped holster; in a gun case, whether or not locked; in a zippered gun case; or in a closed box or container which requires a lid or cover to be opened for access.