PER CURIAM.
The state appeals from an order granting a motion to suppress physical evidence. We reverse.
Responding to a BOLO, Sergeant David Torres of the Riviera Beach Police Department followed a vehicle until it suddenly stopped and its three occupants dispersed in different directions. Torres caught ap-pellee Derrick Jordan, the driver of the vehicle, and questioned him. He then searched the automobile. During this search, Officer Vanessa Harper arrived on the scene. Torres concluded the search of the automobile and spoke again to Jordan. Subsequently, he searched Jordan and discovered cocaine. The testimony of the two officers differs in some material respects as to how the cocaine was discovered.
The trial court found that the stop in reliance on the BOLO was appropriate. The conflicting testimony of the officers as to precisely how the cocaine was found led the trial court to conclude that the search was therefore unlawful and that the evidence should be suppressed.
Torres’ interrogation of Jordan disclosed that Jordan had no driver’s license (it had been suspended), automobile registration, proof of insurance, or identification. Driving without a valid operator’s license is a violation of section 322.34, Florida Statutes (1989), and justifies an arrest. State v. Warren, 450 So.2d 1249 (Fla. 5th DCA 1984).
Both officers testified that Jordan was arrested for driving without a valid operator’s license and was then searched by Torres. This was a search incident to & lawful arrest. See New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). It was thus a valid search of Jordan’s person, and the cocaine revealed by that search is admissible evidence. It simply is not legally relevant that the two officers have different recollections of the details of the search of Jordan’s person. Once it is established that the search is incident to a lawful arrest, as here, the arresting officer is justified in making a complete search of the arrestee’s person and of the interior of the vehicle involved.
REVERSED AND REMANDED.
DOWNEY, HERSEY and DELL, JJ., concur.