636 So.2d 80 (1994)
Johnny BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02427.
District Court of Appeal of Florida, Second District.
March 23, 1994.
Rehearing Denied April 27, 1994.
*81 James Marion Moorman, Public Defender, and Kevin Briggs, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
Johnny Bell appeals his conviction of possession of a firearm during the commission of a felony pursuant to section 790.07(2), Florida Statutes (1991). He contends the trial court erred in denying his motion for judgment of acquittal because the state failed to show that his revolver was concealed. We agree and reverse and therefore do not reach Bell's second point on appeal.
The police executed a controlled buy of cocaine from Bell in his vehicle. After placing Bell under arrest, an officer found a revolver in the center console of the vehicle. The officer testified that the lid of the console was closed and the revolver was underneath papers and other objects in the console. He did not see the revolver until he removed those items.
Bell contends that his revolver was securely encased in the console of his vehicle and therefore fell within the following exception to the prohibition against carrying a concealed firearm:
[I]t is lawful and is not a violation of s. 790.01 to possess a concealed firearm or other weapon for self-defense or other lawful purpose within the interior of a private conveyance, without a license, if the firearm or other weapon is securely encased or is otherwise not readily accessible for immediate use.
§ 790.25(5), Fla. Stat. (1991).
A firearm is securely encased if it is in a glove compartment, whether or not locked; snapped in a holster; in a gun case, whether or not locked; in a zippered gun case; or in a closed box or container which requires a lid or cover to be opened for access.
§ 790.001(16). See City of Miami v. Swift, 481 So.2d 26 (Fla. 3d DCA 1985).
Bell's revolver was securely encased by the very definition of that term as it was in a closed console that requires the opening of a lid for access. In fact, it can be said that Bell's revolver was more securely encased than required by the statute because it was underneath items in the closed console.
Bell notes that this court's opinion in Cates v. State, 408 So.2d 797 (Fla. 2d DCA 1983), appears to be in conflict with Swift. We disagree. In Cates, the firearm was found in a vehicle console whose lid was ajar, whereas the lids of the consoles in Swift and in this case were closed.
We hold that the trial court erred in denying Bell's motion for judgment of acquittal of the concealed firearm charge. Accordingly, we reverse Bell's conviction of carrying a concealed firearm.
FRANK, C.J., and RYDER, J., concur.