DAUKSCH, J.
This is an appeal from an order granting a motion to dismiss a criminal information. See Fla. R.Crim. P. 3.190(c)(4). We quash the order.
Appellee was charged with aggravated child abuse for having allegedly maliciously hit his girlfriend’s daughter with a hammer on the back of her hand as punishment for pilfering. Appellee filed his motion to dismiss and said:
6. On March 6, 1998, the victim got in trouble at school. Specifically, she was caught stealing candy from her teacher’s desk. Her teacher sent a note home to the victim’s parents explaining the situation.
*844 7. At approximately 5:00 PM on March 6, 1998, the defendant learned of the victim’s trouble at school. Upon learning of the discipline problem, the defendant led the victim into the family’s garage and directed the victim to put her hands on a bench, palms down.
8. The defendant picked up a steel hammer. The handle of the hammer consisted of a steel shaft which was at one time encased in rubber or wood. Sometime long before this incident, the covering of the handle had been discarded leaving the steel shaft exposed.
9. With the victim’s hands resting palms down on the bench, the defendant twice struck the victim across the backs of her hands with the hammer’s exposed steel handle. Each of the two strikes hit both hands.
10. Thereafter, the victim departed the family’s residence to spend the night with her paternal grandmother. The victim’s grandmother learned of the incident involving the hammer and reported it to law enforcement.
11. Thereafter, the victim was transported to Munroe Regional Medical Center (“MRMC”) for medical attention. The victim was seen by the emergency room physician, Dr. Michael Doerflein, at approximately 1:49 AM on March 7,1998.
12. Dr. Doerflein performed a physical examination of the victim and could not identify any evidence of trauma to any part of the victim’s body. Photographs of the victim which were taken at MRMC around the time of Dr. Doerflein’s examination of the victim are attached hereto and incorporated herein by this reference.
The state filed a demurrer to the motion and further argued that the question of whether the actions of defendant constituted violation of the statute is a question for a jury; and that the admitted behavior demonstrated a prima facie case of malicious punishment. Thus, the state asserts, it is a question of whether the appellee’s acts constitute a violation of the malicious punishment portion of the statute. § 827.03(2)(b), Fla. Stat. (1997). The state further responded to the motion to dismiss by alleging:
3. That the State alleges in addition that the child was punished for the same alleged misconduct by her biological mother prior to the Defendant’s punishment. The Defendant had full knowledge of that fact, but chose to punish her a second time.
The child as a result of the Defendant’s acts suffered pain in her hands to the extent that she was crying and unable to use her hands afterwards. Both the child’s paternal grandmother and the responding police officer have testified that they observed redness and swelling in the area of the child’s first knuckles on both hands and that the child appeared to be in pain.
As has oft-times been said, a motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4) can be granted rarely and if any disputed material fact exists after considering the motion and demurrer, the motion must be denied. See State v. Fordham, 465 So.2d 580, 581 (Fla. 5th DCA 1985). Here the disputed issue of fact is whether the appellee engaged in malicious punishment of the child. It is admitted that he struck her on the hands with a steel hammer and that he did so to punish her. Was this a malicious act? Only the jury can answer that question. The order is quashed and this cause remanded for trial.
ORDER QUASHED.
COBB and GOSHORN, JJ.,- concur.