738 So.2d 974 (1999)
STATE of Florida, Appellant,
v.
William Darrell LINDSEY, Appellee.
No. 98-3235.
District Court of Appeal of Florida, Fifth District.
June 25, 1999.
*975 Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellee.
DAUKSCH, J.
The appellant appeals an order dismissing two counts of a murder indictment entered pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). We reverse.
The appellee's motion to dismiss alleged there was no evidence establishing corpus delicti. The state, in traversing, alleged the following facts as to each victim:
COUNT IV
5. The State denies paragraph three of the defendant's motion to dismiss in that Diane Richardson's son Damon Richardson became concerned after not hearing from his mother for several days. He reported her as a missing person to the St. Johns County Sheriffs Office on 10-20-95 after not seeing her since 10-11-95. Damon Richardson stated that it was very unusual for his mother not to call him, and he was worried about her. Her residence was checked by Deputy Tarbert and it was determined that all of her belongings were present at her residence. Tarbert also made contact with Diane Richardson's roommate, Ernest, at the residence. He indicated that he was worried about her well being because it was unusual for her not to call him if she planned to be gone for more than one day. See SJCSO report CR# 95293112.
6. To date Diane Richardson is missing, and has not contacted family or friends. Additionally, there have been no reported sightings of Diane Richardson since her unexplained disappearance of April 21, 1993(sic).
COUNT VI

*976 8. The State denies paragraph two of the defendant's Motion to Dismiss in that; on April 23, 1993 Carolyn Snead reported her Daughter Donetha Snead as missing to the St. Augustine Police Dept. Carolyn Snead stated that her daughter had not been seen since 9:00 p.m. on April 21, 1993. Additionally, on April 29, 1993 Stacy Snead, Donetha's sister reported to the SAPD that it was highly unusual for Donetha Snead to be absent from her home for such an extended period of time. Carolyn Snead stated that it was even more unusual that her sister had not made contact with her mother during this period of time. Carolyn Snead stated that she had checked Donetha Snead's residence and determined that none of Donetha Snead's personal belongings including clothing had been removed from the residence. See SAPD CR# XXXXXXXXX.
9. To date Donetha Snead is missing, and has not contacted family or friends since her unexplained disappearance of April 21, 1993.
A motion to dismiss under Rule 3.190(c)(4) can be granted rarely and if any disputed material fact exists after considering the motion and demurrer or traverse, the motion must be denied. State v. Cabret, 24 Fla. L. Weekly D959, 730 So.2d 843 (Fla. 5th DCA 1999); State v. Fordham, 465 So.2d 580 (Fla. 5th DCA 1985).
The Florida Supreme Court discussed the concept of "corpus delicti"[1] in a homicide case in which the body was never found and circumstantial evidence was used to establish corpus delicti:
The phrase "corpus delicti" refers to proof independent of a confession that the crime charged was in fact committed. Bassett v. State, 449 So.2d 803, 807 (Fla.1984). In order to prove corpus delicti in a homicide case, the state must establish: (1) the fact of death; (2) the criminal agency of another person as the cause thereof; and (3) the identity of the deceased person. Id. Regarding the second elementthe criminal agency of anotherthe proof need not show that the defendant committed the crime. Burks v. State, 613 So.2d 441, 443 (Fla. 1993). (footnote omitted).
Meyers v. State, 704 So.2d 1368, 1369 (Fla. 1997), cert. denied, ___ U.S. ___, 118 S.Ct. 2380, 141 L.Ed.2d 747 (1998).
The facts alleged in the traverse by the state establish corpus delicti sufficient to withstand a motion to dismiss. While corpus delicti must be established without reference to admissions of a defendant to withstand a motion to dismiss, Burks v. State, 613 So.2d 441 (Fla.1993); Deiterle v. State, 101 Fla. 79, 134 So. 42 (1931); State v. Snowden, 345 So.2d 856 (Fla. 1st DCA 1977), cert. denied, 353 So.2d 679 (Fla.1977), it may be proved by direct or circumstantial evidence, Bassett v. State, 449 So.2d 803, 807 (Fla.1984), and need be proved only by evidence tending to show that the crime was committed. Bassett. See also State v. Allen, 335 So.2d 823 (Fla.1976). To support a conviction the corpus delicti must be proved beyond a reasonable doubt, like all other elements of the crime. Meyers v. State, 704 So.2d 1368 (Fla.1997), cert. denied, ___ U.S. ___, 118 S.Ct. 2380, 141 L.Ed.2d 747 (1998). The victim Richardson was reported missing on October 20, 1995 by her son after not seeing Richardson since October 11, 1995. The son stated that it was unusual for his mother not to contact him. Richardson's roommate stated that it was unusual for Richardson not to call him if she planned to be gone more than one day. All of Richardson's belongings were still at her residence. The victim Snead was reported missing on April 23, 1993 by her mother after not seeing her daughter since *977 April 21, 1993. Both Snead's mother and sister said that it was unusual that Snead had not contacted them. None of Snead's personal belongings had been removed from her residence. Neither victim has been seen by their family since their disappearance.
The facts surrounding the victims' disappearances indicate that such absences without contacting family or friends are out of character for the victims. The fact that both victims' belongings were left at their residences indicates that their absence was neither voluntary nor planned. In addition, the continued absence of the victims along with these other facts indicate a death that resulted from the criminal agency of another. See, Thomas v. State, 693 So.2d 951 (Fla.1997), cert. denied, ___ U.S. ___, 118 S.Ct. 449, 139 L.Ed.2d 385 (1997); see also, Meyers v. State, supra.
The order dismissing counts IV and VI of the indictment is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
W. SHARP and PETERSON, JJ., concur.
NOTES
[1] The term "corpus delicti" does not mean "dead body" but is more properly defined as the body, foundation, or substance of the crime. The corpus delicti of a murder consists of two components: 1) a death 2) that resulted from the criminal agency of another. See generally, Perkins, The Corpus Delicti of Murder, 48 Va. L.Rev. 173 (1962).