831 So.2d 775 (2002)
Jeffrey DIXON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2321.
District Court of Appeal of Florida, Fourth District.
December 4, 2002.
Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant was convicted and sentenced for carrying a concealed weapon. He contends that the state failed to prove its case because the weapon, a knife, was found in a closed center console of the vehicle he was driving and was therefore lawfully possessed within the meaning of section 790.25(5), Florida Statutes (1999). We agree and reverse.
On the day appellant was arrested, he had been driving a friend's vehicle that had its rear vent window broken. A police officer noticed the broken window and ran the vehicle's tag number to determine if the vehicle had been stolen. Discovering that the tag was assigned to a different vehicle, the officer initiated a traffic stop. After learning that appellant had an outstanding warrant for his arrest, the officer placed him under arrest and conducted an inventory search of the vehicle. The officer found a loaded pistol under the passenger seat and a switch-blade knife in the center console. At trial, the officer testified that as far as he remembered the center console where the knife was found was closed.
Appellant was charged with one count of carrying a concealed weapon (the knife), one count of carrying a concealed firearm, and driving without a valid driver's license. Only appellant's conviction for carrying a concealed weapon is at issue in this appeal. Upon the conclusion of the state's case, appellant moved for a judgment of acquittal based upon the undisputed evidence that the weapon was found in the closed console not readily accessible to appellant. The court denied the motion. Appellant was convicted, resulting in this appeal.
Section 790.01(1) makes it a crime to carry a concealed weapon on or about the person. However, section 790.25(5) provides an exception where it states, in pertinent part,
Notwithstanding subsection (2), it is lawful and is not a violation of s. 790.01 ... to possess a concealed firearm or other weapon for self-defense or other lawful purpose within the interior of a private *776 conveyance, without a license, if the firearm or other weapon is securely encased or is otherwise not readily accessible for immediate use.
"Securely encased" is defined as, "in a glove compartment, whether or not locked; snapped in a holster; in a gun case, whether or not locked; in a zippered gun case; or in a closed box or container which requires a lid or cover to be opened for access." § 790.001(17), Fla. Stat. (1999) (emphasis added). Accordingly, Florida allows a person to carry an unlicensed or deadly weapon in a vehicle provided it is securely encased or inaccessible.
This case is "on all fours" with Bell v. State, 636 So.2d 80, 81 (Fla. 2d DCA 1994), in which the court held that a gun found in the closed center console of a vehicle fell within the exception to the prohibition against carrying a concealed firearm. It is also consistent with Gemmill v. State, 657 So.2d 900, 902 (Fla. 4th DCA 1995), where we held that a pistol in a closed box wedged between the driver and passenger seats in defendant's vehicle was securely encased within the meaning of the statute. See also State v. Gomez, 508 So.2d 784, 786 (Fla. 5th DCA 1987) (holding that a sheathed knife within a closed console was securely encased and not readily accessible under the statute).
The state suggests that we should follow Cates v. State, 408 So.2d 797, 799 (Fla. 2d DCA 1982), which held a pistol was not securely encased, and State v. Butler, 325 So.2d 55, 56 (Fla. 3d DCA 1976), which held that a pistol in a closed but unlocked center console is not securely encased but is concealed on or about the person. However, both cases were decided before section 790.25 was amended to include the private conveyance exception, and before section 790.001 was amended to include the definition of "securely encased", upon which the later cases rely. See Ch. 82-131, § 2 at 334-35, Laws of Florida. Therefore, they are not inconsistent with Bell, Gemmill, and Gomez, and there is no need to certify conflict with those decisions.
For the foregoing reasons, we reverse appellant's conviction for carrying a concealed weapon and direct that his conviction and sentence on that charge be vacated.
STEVENSON and TAYLOR, JJ., concur.