990 So.2d 1195 (2008)
Arthur Philip TROCK, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-1856.
District Court of Appeal of Florida, Fifth District.
September 19, 2008.
*1196 James S. Purdy, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Arthur Trock was convicted of carrying a concealed firearm in violation of section 790.01(2), Florida Statutes (2006). In this direct appeal, he argues the trial court erred in denying his motion for judgment of acquittal. We agree and reverse. Our standard of review is de novo. See Sutton v. State, 834 So.2d 332, 334 (Fla. 5th DCA 2003).
Under section 790.01(2), it is a crime for any person to carry a concealed firearm on or about his or her person. However, the Legislature has prescribed certain exceptions to this general prohibition. One of those exceptions is contained in section 790.25(5), which provides:
[I]t is lawful and is not a violation of s. 790.01 for a person 18 years of age or older to possess a concealed firearm or other weapon for self-defense or other lawful purpose within the interior of a private conveyance, without a license, if the firearm or other weapon is securely encased or is otherwise not readily accessible for immediate use. Nothing herein contained prohibits the carrying of a legal firearm other than a handgun anywhere in a private conveyance when such firearm is being carried for a lawful use. Nothing herein contained shall be construed to authorize the carrying of a concealed firearm or other weapon on the person. This subsection shall be liberally construed in favor of the lawful use, ownership, and possession of firearms and other weapons, including lawful self-defense as provided in s. 776.012.
§ 790.25(5), Fla. Stat. (2006) (emphasis added). Of critical importance here, "`[s]ecurely encased' means in a glove compartment, whether or not locked; snapped in a holster; in a gun case, whether or not locked; in a zippered gun case; or in a closed box or container which requires a lid or cover to be opened for access." § 790.001(17), Fla. Stat. (2006).
Three handguns recovered from Trock's vehicle by police formed the basis of the charge in the present case. The undisputed evidence at trial established that when the three guns were found, they were enclosed inside zippered duffle bags located behind the driver's seat. A handgun enclosed inside of a zippered duffle bag fits squarely within the statutory definition of "securely encased." Accordingly, the exception contained in section 790.25(5) applies, and Trock's possession of the firearm did not violate section 790.01(2) as a matter *1197 of law.[1] We therefore reverse Trock's conviction for carrying a concealed firearm.[2]
REVERSED.
GRIFFIN, SAWAYA, and PLEUS, JJ., concur.
NOTES
[1] See Alexander v. State, 477 So.2d 557, 560 (Fla. 1985) (holding that a firearm enclosed in a zippered purse was "securely encased" as a matter of law and explaining that the purse qualified as a "zippered gun case" since the firearm was no less readily accessible for immediate use); Gemmill v. State, 657 So.2d 900, 902 (Fla. 4th DCA 1995) (holding that the firearm inside defendant's vehicle was securely encased as it was contained in a closed box that required a lid or cover to be opened for access; therefore, the crime of carrying a concealed firearm did not occur); Bell v. State, 636 So.2d 80, 81 (Fla. 2d DCA 1994) (revolver enclosed in the center console of a vehicle was securely encased by the very definition of that term); Urquiola v. State, 590 So.2d 497, 498 n. 1 (Fla. 3d DCA 1991) (where the firearm was in a "plastic pouch with a flap laid over it" and could not be removed without opening the flap, it was "encased" within the exception of section 790.25(5)).
[2] We note, on behalf of the trial judge, that neither the controlling statutory provisions nor the controlling cases were brought to the trial court's attention. Indeed, they were not raised on appeal. While the State did cite to section 790.25(5), Florida Statutes (2006), in its brief, its assertion that the exception did not apply because the guns were "readily accessible" contravenes the plain language of the statute. Nevertheless, the error is fundamental, and we have corrected it. See F.B. v. State, 852 So.2d 226, 230-31 (Fla.2003) (a conviction is fundamentally erroneous where the state's evidence is insufficient to show that the crime was committed at all); see also Griffin v. State, 705 So.2d 572, 574 (Fla. 4th DCA 1998) ("A conviction is fundamentally erroneous when the facts affirmatively proven by the State simply do not constitute the charged offense as a matter of law."); Harris v. State, 647 So.2d 206, 208 (Fla. 1st DCA 1994) ("Conviction of a crime which did not take place is a fundamental error....").