EVANDER, J.
 

 Cooper was convicted, after a jury trial, of possession of a firearm by a convicted
 
 *793
 
 felon,
 
 [1]
 
 and possession of less than 20 grams of cannabis.
 
 [2]
 
 We affirm the firearm conviction without further discussion. However, we reverse the cannabis conviction and remand for a new trial on that count, because the trial court should have granted Cooper’s pretrial motion to sever the two counts.
 

 The decision to grant or deny a motion for severance rests within the sound discretion of the trial court.
 
 Smith-ers v. State,
 
 826 So.2d 916, 923 (Fla.2002). However, that discretion is sharply curtailed when it concerns a request to sever a charge of possession of a firearm by a convicted felon.
 
 Tucker v. State,
 
 884 So.2d 168, 172 (Fla. 2d DCA 2004). Here, the admission of evidence that Cooper was a convicted felon was necessary to prove the count charging him with possession of a firearm by a convicted felon, but was inadmissible and unduly prejudicial with regard to the cannabis count.
 
 See State v. Vazquez,
 
 419 So.2d 1088 (Fla.1982);
 
 Tucker; Craft v. State,
 
 441 So.2d 704 (Fla. 2d DCA 1983);
 
 Smith v. State,
 
 434 So.2d 18 (Fla. 5th DCA 1983).
 

 AFFIRMED in part; REVERSED in part; REMANDED.
 

 PALMER and SAWAYA, JJ, concur.
 

 [1]
 

 . § 790.23, Fla. Stat. (2007).
 

 [2]
 

 . § 893.13(6)00, Fla. Stat. (2007).