LEVINE, J.
 

 Appellant was convicted for possession of a firearm by a convicted felon and possession of testosterone. The issues presented are whether the State established a sufficient corpus delicti in order to introduce appellant’s admissions and whether the State was permitted to admit appellant’s prior convictions. We find both issues to be without merit and affirm the convictions below.
 

 The police executed a search warrant of an apartment which contained two bedrooms. One bedroom was designated the “blue room” and the other was called the “green room.” Inside the green room, a police officer found a bottle of testosterone and a traffic citation bearing appellant’s name inside a dresser drawer. Another police officer found a loaded firearm in a nylon holster on top of a refrigerator in the green room. Later during the search of the apartment, appellant arrived and entered the unit. During prior surveillance of the apartment, another officer testified to seeing appellant enter the apartment with a basket of laundry.
 

 After appellant was read
 
 Miranda
 
 warnings, appellant stated that he lived in the apartment presently being searched by the police. Appellant also admitted to owning the gun and testosterone. Although appellant denied owning the objects found in the common areas, he admitted ownership of the clothing in the green room as well as a pit bull found in the apartment.
 

 A confession can be admitted only after the State proves the corpus delicti of the crime by bringing forth “substantial evidence” tending to show the commission of the crime charged.
 
 State v. Allen,
 
 335 So.2d 823, 825 (Fla.1976);
 
 Snell v. State,
 
 939 So.2d 1175, 1179 (Fla. 4th DCA 2006). The State must demonstrate that “a crime of the type charged was committed” and “the crime was committed through the criminal agency of another” in order to establish the corpus delicti of the offense charged.
 
 Franqui v. State,
 
 699 So.2d 1312, 1317 (Fla.1997).
 

 There is competent, substantial evidence of appellant’s possession of the loaded firearm and testosterone, apart from appellant’s inculpatory statements. In the green room where the loaded firearm was found on the refrigerator, the police found traffic citations made out to appellant. In the bathroom attached to the green room, the bottle of testosterone was found. Another indicia of appellant’s connection to the apartment was the fact that he was seen during a prior surveillance bringing a basket of laundry onto the premise.
 

 The primary reason for the requirement that the proof of the corpus delicti of the crime be introduced before the admission of the defendant’s statement is to protect the defendant “from being convicted of a non-existent crime due to ‘derangement, mistake or official fabrication.’ ”
 
 Snell,
 
 939 So.2d at 1178-79 (citation omitted). In the present case, there is no concern that the defendant confessed to non-existent crimes. “The essential requirement appears to be that in order for the admission of the inculpatory statement there must be other evidence of the crime charged. Stated differently, the crime charged cannot be proven only through the defendant’s statements.”
 
 Garmon v.
 
 
 *182
 

 State,
 
 772 So.2d 43, 46 (Fla. 4th DCA 2000). Here, there is clearly other evidence of the crimes charged.
 

 As to the issue of the admission of appellant’s prior convictions, the State argues that appellant’s trial counsel “opened the door” to impeach by prior convictions as a result of his questioning the officer regarding appellant’s knowledge of cocaine found in the common areas of the apartment. We have recognized that a “non-testifying defendant who brings out his or her own exculpatory statements through another witness, ‘runs the risk of having those statements impeached by felony convictions.’ ”
 
 Gonzalez v. State,
 
 948 So.2d 877, 878 (Fla. 4th DCA 2007) (quoting
 
 Kelly v. State, 857
 
 So.2d 949, 950 (Fla. 4th DCA 2003)). Appellant and the State direct the majority of their arguments to the issue of whether appellant’s statements were exculpatory, rendering the admission of his prior convictions proper.
 

 We need not decide whether appellant’s statements were “exculpatory.” If the trial court erred in admitting evidence of appellant’s prior convictions, that error is harmless. Appellant stipulated that he was a convicted felon for purposes of the possession of a firearm charge, so the jury already knew of his criminal past.
 
 [1]
 
 Appellant also testified on his own behalf at trial and, as such, opened the door to impeachment through his prior convictions. Finally, appellant admitted to possession of the firearm and testosterone. The State provided ample evidence of appellant’s guilt, and any error in the trial court’s order was harmless beyond a reasonable doubt.
 
 State v. DiGuilio,
 
 491 So.2d 1129 (Fla. 1986).
 

 For all the foregoing reasons, we affirm both convictions.
 

 Affirmed.
 

 GROSS, C.J, and WARNER, J., concur.
 

 [1]
 

 . Appellant stipulated to being a “convicted felon” for purposes of the possession of a firearm by a convicted felon charge. Because that charge requires proof of a prior conviction, the “better practice” in such cases is to sever that count to avoid any potential prejudice to the defendant on the remaining counts in the information.
 
 State v. Vazquez,
 
 419 So.2d 1088, 1090 (Fla. 1982). The discretion to deny a motion to sever is “sharply curtailed” in these circumstances.
 
 Cooper v. State,
 
 15 So.3d 792, 793 (Fla. 5th DCA 2009). Nevertheless, a defendant must move to sever the firearm charge before trial or the right to severance is deemed waived. Fla. R.Crim. P. 3.153(a);
 
 Murphy v. State,
 
 495 So.2d 1237, 1238 (Fla. 4th DCA 1986).