# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D17-3577

———————————————

WALT MCCOY PORTER,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

———————————————

On appeal from the Circuit Court for Wakulla County.
James O. Shelfer, Judge.

July 22, 2019

JAY, J.

In this appeal from Appellant's convictions and sentences for manslaughter with a firearm and two counts of possession of a firearm by a convicted felon, we affirm in all respects. We write only to address Appellant's claim that the trial court abused its discretion when it admitted Appellant's confession that he had possessed a .22 caliber Remington Speedmaster rifle over a defense objection that the State had failed to establish a sufficient corpus delicti.

I.

Appellant was indicted for first-degree murder and two counts of possession of a firearm by a convicted felon. At trial, Appellant stipulated that he was a convicted felon. During its case-in-chief,

the State presented testimony that the victim came to stay with Appellant and his girlfriend in January 2016. On the evening of January 19, 2016, a deputy from the Wakulla County Sheriff's Office was dispatched to Appellant's residence where he found the victim lying in a pool of blood on the living room floor. An autopsy revealed that the victim had died from a gunshot wound to the left side of his head. A crime scene analyst recovered a loaded .35 caliber Marlin rifle from the bed in the bedroom—that Appellant shared with his girlfriend—as well as two empty .35 caliber cartridge casings.

Sergeant Eddie Wester searched Appellant's home and the surrounding area. Inside the home, Wester found freshly killed squirrels in the refrigerator. In the area outside the house, Wester discovered an inoperable boat containing a loaded .22 caliber Remington Speedmaster rifle in the bow storage area. Appellant's son acknowledged that Appellant had a .22 caliber Speedmaster for many years, and Appellant's cousin testified that Appellant was a hunter and an excellent shot. Wester testified that the boat had been there for a long time, but the rifle was in good shape and did not appear to have been there for a significant period of time. Wester also testified that squirrels were hunted with a .22 caliber rifle.

Over a defense objection that there was no corpus delicti as to Appellant's possession of the .22 caliber Remington Speedmaster rifle, the State was allowed to present Appellant's videotaped interview with the lead detective, which was conducted in the presence of Appellant's attorney. During the interview, Appellant claimed that after the victim became violently angry and threatened to kill him, he ran into the bedroom, grabbed the Marlin rifle, and fired a warning shot. He then claimed that as he stepped out of the bedroom, the rifle went off accidentally, and he heard the victim fall. He admitted that after the shooting, he moved the Remington Speedmaster rifle from the bedroom to the boat.

At the conclusion of trial, the jury returned a verdict finding Appellant guilty of the lesser included offense of manslaughter with a firearm and guilty of both firearm counts as charged.

Appellant was adjudicated guilty and sentenced to concurrent terms totaling twenty years in prison. This appeal followed.

## II.

Under the corpus delicti rule, the State has the burden of proving by substantial evidence that a crime was committed before a defendant's confession can be admitted into evidence.[*] *Scott v. State*, 147 So. 3d 5, 6 (Fla. 1st DCA 2013). Neither constitutionally nor statutorily mandated, the doctrine of corpus delicti is a common law, judicially created rule of evidence. *S.H. v. State*, 264 So. 3d 1042, 1045 (Fla. 3d DCA 2019). The purpose of the rule is to protect a person from being "convicted out of derangement, mistake or official fabrication." *Burks v. State*, 613 So. 2d 441, 443 (Fla. 1993) (quoting *State v. Allen*, 335 So. 2d 823, 825 (Fla. 1976)). The corpus delicti may be proven by direct or circumstantial evidence, which need not be uncontradicted or overwhelming. *Id.* It is enough if the evidence tends to show that a crime was committed. *Meyers v. State*, 704 So. 2d 1368, 1369 (Fla. 1997). Although a confession or admission may be considered with other evidence to establish the corpus delicti, the corpus delicti cannot rest upon the confession or admission alone. *Hodges v. State*, 176 So. 2d 91, 92 (Fla. 1965); *Garmon v. State*, 772 So. 2d 43, 46 (Fla. 4th DCA 2000). "The trial court's admission of a confession over a corpus delicti objection is reviewed for an abuse of discretion." *J.B. v. State*, 166 So. 3d 813, 816 (Fla. 4th DCA 2014).

Here, Appellant claims that the trial court abused its discretion by admitting his confession that he possessed the .22 caliber Remington Speedmaster rifle because the State failed to establish a sufficient corpus delicti. To prove prima facie corpus delicti of possession of a firearm by a convicted felon, the State must prove that the defendant was a convicted felon and that he knowingly owned or had a firearm in his care, custody, possession, or control. *Garmon*, 772 So. 2d at 47. Appellant stipulated that he was a convicted felon, and the State introduced testimony that (1) Appellant was a hunter and an excellent shot; (2) Appellant had

---

[*]"The term 'corpus delicti' . . . is . . . properly defined as the body, foundation, or substance of the crime." *State v. Lindsey*, 738 So. 2d 974, 976 n.1 (Fla. 5th DCA 1999).

owned a .22 caliber Speedmaster rifle for many years; (3) the same type of firearm was found in an inoperable boat on Appellant's property and had been placed there recently; (4) freshly killed squirrels were found in Appellant's refrigerator; and (5) squirrels were hunted with the type of rifle found in the boat. This was sufficient circumstantial evidence—apart from Appellant's confession—tending to show that Appellant owned or had the rifle in his care, custody, possession, or control. *See S.H.*, 264 So. 3d at 1047-48; *Modeste v. State*, 28 So. 3d 179, 181 (Fla. 4th DCA 2010); *Garmon*, 772 So. 2d at 47. Because the State established a sufficient corpus delicti, the trial court did not abuse its discretion by admitting Appellant's confession.

AFFIRMED.

ROWE and M.K. THOMAS, JJ., concur.

––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––

Steven Been, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Michael McDermott, Assistant Attorney General, Tallahassee, for Appellee.

4