268 A.2d 729.

## STATE vs. FREDERICK A. GONYA.

AUGUST 19, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an indictment charging the defendant with incest in violation of G. L. 1956, §11-6-4. It appears from the record that the defendant is charged with having engaged in sexual intercourse with his daughter on the afternoon or early evening of November 15, 1964. The case was tried to a justice of the Superior Court sitting with a jury in 1965, and that jury returned a verdict of guilty. The defendant's motion for a new trial was denied, and the defendant is now in this court prosecuting a bill of exceptions.

It appears from the record that the prosecutrix was born in December 1945. She testified that from the time she was 7 until she reached the age of 12 years her father

had taken certain minor liberties with her on frequent occasions. It further appears from the testimony of the prosecutrix that shortly after her twelfth birthday her father had intercourse with her but she did not tell her mother. Thereafter, she testified, her father continually had sexual relations with her until November 1964. She further testified that she had never told anyone, including her mother and brothers, of her father's relationship with her.

It further appears from the evidence that defendant was awarded a divorce on the ground of extreme cruelty and the custody of the three minor children. Subsequently, the prosecutrix told her mother of her long-standing relationship with defendant, and thereafter she and her mother brought a civil action against defendant in Superior Court for the county of Providence, alleging damages in the amount of $225,000. The defendant refused to effect any settlement of this claim, and thereafter in February 1965 the prosecutrix complained to the Providence police concerning the actions of defendant.

The defendant charges that a substantial number of rulings of the court made during trial constituted prejudicial error. It is not necessary, however, to consider most of these contentions because we are unable to say in the state of the record that the court did not prejudicially err in permitting the jury to hear the contents of two tape recordings of telephonic conversations between defendant, his wife, and the prosecutrix. It appears that sometime prior to trial defendant's ex-wife and the prosecutrix, using a tape recording device owned by defendant, had recorded two conversations by telephone between them. The tapes in question were marked for identification as exhibits 23 and 24 and, with the permission of the court, were played within the hearing of the jury ostensibly to refresh defendant's recollection as to whether during these conversa-

tions he had made certain threats and other statements to his former wife and family.

This case does not present us with the question of the admissibility into evidence of the tape recordings of a conversation relating to relevant material. Generally, it is held today that sound recordings, if related to otherwise competent evidence, are admissible providing a proper foundation is laid for their admission. See Annot., 58 A.L.R.2d at 1026. A narrow issue confronts us here, that is, whether a tape recording of telephonic conversations to be used specifically to refresh the recollection of the witness may properly be played in the presence of the jury. Here it is significant that at the time the tapes were played within the hearing of the jury and for the purpose of refreshing the witness's recollection, they had never been admitted into evidence and no transcription of the contents thereof was ever made. Thereafter, in attempting to review this case, we played the tapes to inform ourselves of their contents and found that they were almost completely void of any recorded conversation and that which had been recorded was completely unintelligible. Because of this fact and the fact that no transcription of the contents of the tapes was made at the time they were played in the jury's presence, we, as the reviewing court, are unable to say that defendant was not substantially prejudiced by the playing of these tapes within the jury's hearing.

We are persuaded that the court erred in allowing these tapes to be played so that the contents thereof could be heard by the jury. Cases on this particular point are not abundant, but those which we have found in our research indicate that it is error to permit the contents of a tape recording marked for identification only that is not admitted into evidence and dealing solely with collateral issues to be heard by the jury. See 82 A.L.R.2d 589. In *People v. Reger,* 13 App.Div.2d 63, 213 N.Y.S.2d 298, the court

considered a situation in which tapes were played for the purpose of refreshing the witness's recollection in the presence of a jury. The court said at 70, 213 N.Y.S.2d at 306: "Moreover, I am of the opinion that error was committed by permitting the contents of the tapes, marked for identification only, and which dealt solely with collateral matters, to be played to and the contents heard by the jury."

In *United States* v. *McKeever,* 271 F.2d 669 (2d Cir. 1959), the court was considering the question whether the trial court had erred in refusing to allow the playing of a tape recording in the presence of the jury for the purpose of refreshing a witness's memory of a certain conversation. The circuit court found no error in the court's ruling with respect to the use of the tape. It stated at 675: "Documents shown to a witness for the purpose of reviving his recollection may not be read or shown to the jury, since the documents themselves are not evidence and have no independent evidentiary value." The court then went on to indicate that it felt that there should be no distinction drawn between documents and a tape recording of a conversation. The court said specifically at 675: "Nor should the fact that a tape recording rather than a written document was involved affect the result, since a recording played over earphones to the witness bears a close analogy to a document shown only to the witness." In other words, the Second Circuit Court clearly supported the proposition that tape recordings used for the purpose of refreshing the recollection of a witness as to prior statements may not properly be played for that purpose in such circumstances as will permit them to be overheard by the jury.

Accepting the rule stated in *Reger* and *McKeever,* we are of the opinion that the court erred in permitting the jury to hear the contents of the tapes played for the purpose of refreshing the recollection of defendant. The question confronting us, then, is whether this error so preju-

diced defendant as to require a new trial. It is our obligation, as a reviewing court, to pass upon the potential prejudicial effect of the contents of the tapes on the jury.

However, we are without any knowledge as to the contents of the tapes. No transcript thereof was made at the time they were being played in the presence of the jury perhaps because the tapes had not been admitted into evidence. Because we were without a transcript, we attempted to determine the contents of the tapes by replaying them only to find that in the most part they were blank and that whatever recorded conversation remained thereon was almost totally unintelligible. In other words, as an appellate court we are without any knowledge of the contents of the tapes and, therefore, unable to determine that the playing of the tapes to the jury did not prejudice defendant and require a new trial in the interests of justice.

It is clear that we have been left in the dark as to just what the jury learned from listening to the recordings. We agree with the view taken by the court in *People* v. *Mulvey*, 196 Cal.App.2d 714, 16 Cal. Rptr. 821, when it said: "We can find no good reason for approval of the practice of playing recordings to juries without preserving a record of the evidence which reaches the jury in this fashion. There is no more justification for it than there would be for the omission from the record of the testimony of material witnesses." *Id.* at 719, 16 Cal. Rptr. at 824.

Our concern for the right of defendant to a full, fair, and impartial trial, including an adequate, intelligent review of the cause, is emphasized by two facts disclosed in the record. In the first place, the jury during its deliberations requested the court that the tapes of the conversations of defendant with his wife be replayed for them. This motion was granted, and the tapes were replayed before the jury returned to its deliberations. We cannot escape concluding

from this that the contents of the tapes, whatever they might have been, probably influenced the jury in its verdict.

The record discloses also that the trial justice, in passing upon defendant's motion for a new trial, clearly considered the defendant's credibility impaired by what he heard on the tapes when they were played. He said in this respect: "Now it would be hard to believe that of this mild mannered, religious, church-going, family-loving man, if we had not heard that profane outburst on the record of the recorded telephone calls, where he screamed that he would put them all away for fifteen years."

The judgment of conviction is reversed, and the case is remitted to the Superior Court for a new trial.

*Attorney General,* for plaintiff.

*Kirshenbaum & Kirshenbaum, Alfred Factor, Isidore Kirshenbaum,* for defendant.