355 So.2d 116 (1978)
Roger Dean HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 76-2503.
District Court of Appeal of Florida, Fourth District.
January 17, 1978.
Rehearing Denied March 7, 1978.
Richard L. Jorandby, Public Defender, and Stuart A. Young, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, for appellee.
BURNSTEIN, MIETTE K., Associate Judge.
This was an appeal from a conviction of appellant for a rape which allegedly occurred on March 3, 1974. Alan Carl McDonald, who was present at the scene during the incident was called as a court's witness. During the examination of McDonald, the witness stated that he had absolutely no recollection of the incident in question and that he did not remember seeing appellant at the scene on the date in question.
The prosecutor, over strenuous objection by defense counsel, attempted to refresh the recollection of the witness by playing a tape recorded statement made by the witness in September, 1974. The tape was played in the full presence of the jury. The court subsequently instructed the jury that: "The tape itself was not introduced into evidence. The conversation on the tape was presented to refresh the memory of the court witness, and it should be so considered." Defense counsel moved the trial court for a mistrial which motion was denied. This appeal followed.
A witness' memory may be jogged by reference to prior statements and a prior statement may be considered for impeachment purposes and not as substantive evidence. Pitts v. State, 333 So.2d 109 (Fla. 1st DCA 1976). However, prejudicial error may be committed when the contents of a statement are introduced as evidence where a court witness stated that he did not recall making the statement. Rankin v. State, 143 So.2d 193 (Fla. 1962). Furthermore, in Oliver v. State, 239 So.2d 637 (Fla. 1st DCA 1970), the court held that error was committed where the court's witness testified to *117 having no memory of the incident and where the prosecution, under the guise of refreshing his recollection, read questions and answers to the witness from a prior statement. Although in Oliver, the error was felt to be harmless, this record does not so reflect. Prosecutor's closing statements indicate reliance upon the evidence adduced only through the playing of the tape.
Many courts have indicated that the playing of such tapes can be permitted to refresh a witness' memory  but that such procedure should be utilized outside the presence of the jury. U.S. v. McKeever, 271 F.2d 669 (2d Cir.1959); State v. Gonya, 107 R.I. 594, 268 A.2d 729 (1970); Breeding v. Reed, 253 Iowa 129, 110 N.W.2d 552 (1961).
Accordingly, we REVERSE and REMAND for new trial consistent with this opinion.
DOWNEY and DAUKSCH, JJ., concur.