388 So.2d 38 (1980)
STATE of Florida, Appellant,
v.
Ray Earl FETHEROLF, Appellee.
No. 79-496/T4-432.
District Court of Appeal of Florida, Fifth District.
September 17, 1980.
Jim Smith, Atty. Gen., Tallahassee, and Phillip D. Havens, Asst. Atty. Gen., Daytona Beach, for appellant.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Chief Asst. Public Defender, Appellate Div., West Palm Beach, for appellee.
SHARP, Judge.
The trial court dismissed a criminal information pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), because there were no material disputed facts and the undisputed facts did not establish a prima facie case of guilt against the defendant, Ray Earl Fetherolf. The State of Florida appeals. We reverse.
The defendant was charged with sexual battery upon a child older than 11 but less than 18 years of age and lewd assault on a female child under 14 years of age. The *39 alleged victim is the defendant's daughter. She gave investigators two statements in her own handwriting. The statements were notarized and dated October 10, 1978 and October 26, 1978. They detailed the defendant's commission of the acts charged. Shortly after making the October 10, 1978 statement, the child was placed in Orange County's "home" for dependent children, Great Oaks Village. The defendant was arrested but released on bail. The child remained in Great Oaks Village. On November 27, 1978, the child gave a deposition in which she disclaimed her original statements; said the police officers had told her what to say; and expressed a desire to go home.
The defendant's motion to dismiss was based on the child's deposition. In response, the state filed a sworn traverse under Rule 3.190(d) denying the truth of the child's statements given at deposition, and attaching her earlier statements given under oath. The lower court's dismissal was based on the well-entrenched rule applicable at trials in Florida, that a witness' prior inconsistent statement cannot be used as substantive evidence, but can only be used for the purpose of impeachment.[1] Because the alleged crime took place prior to July 1, 1979, the "new" Evidence Code § 90.801(2)(a) would not be applicable to the trial of this case, and we do not reach the question of whether or not the statements would be admissible as substantive evidence under the Code.
However, this case does not turn on whether the statements are admissible at trial, or whether the defendant would be entitled to a judgment of acquittal after a trial at which the statements were admitted. The child in this case may conceivably testify still differently at a trial, or she may adopt her first statements. It is improper to speculate about what may occur at a trial which has yet to happen, at this stage of the case.
To counter a motion to dismiss, the state need not produce evidence sufficient to sustain a conviction. The proceeding is not designed to create a trial by affidavit or a "dry run" of a trial on the merits. Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977). The factual allegations in the state's traverse need not be based upon personal knowledge not "shored up" by an affidavit by the victim. State v. Hamlin, 306 So.2d 150 (Fla. 4th DCA 1975).
The state here vouched under oath for the veracity of the victim's first statements, and attached them to the traverse. The state is entitled to the most favorable construction of its traverse and attachment, analogous to the summary judgment procedure afforded by the Rules of Civil Procedure.[2] They create material disputed facts. It is not proper at this stage for the court to determine factual issues, consider weight of conflicting evidence, or credibility of witnesses.[3] Because the state's sworn traverse is this case was sufficient it was error to dismiss the information.
We reverse the trial court's order and remand the case for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] Rankin v. State, 143 So.2d 193 (Fla. 1962); Smith v. State, 379 So.2d 996 (Fla. 5th DCA 1980); Hill v. State, 355 So.2d 116 (Fla. 4th DCA 1978).
[2] State v. Davis, 243 So.2d 587 (Fla. 1971).
[3] State v. J.T.S. and G.R.W., 373 So.2d 418 (Fla. 2d DCA 1979).