COBB, Judge.
The appellant, Kathy Ruth Oviatt, was convicted of the attempted first-degree murder with a firearm of her eight-year-old daughter, Pamela, who was the key state witness at trial. Although various points are raised on appeal, we feel that only one merits discussion: the propriety of a pretrial order in limine precluding defense counsel from making a statement to Pamela prior to trial to the effect that her mother might go to jail as the result of her testimony-
In support of its motion in limine, the state argued that such information was irrelevant and could only serve to prejudice the eight-year-old child or to dissuade her' from testifying altogether. The defendant contends that the order was an unreasonable restraint on her Sixth Amendment confrontation right. In her brief, the ap *647 pellant argues, “Liberal cross-examination should have been permitted as a means of testing the witness’ believability and lack of bias.”
The argument of the defense is unconvincing. It simply is not reasonable to assume that an impressionable child will become more, rather than less, truthful because of a calculated suggestion by an adversarial lawyer that her testimony will seriously hurt her own mother. Cf., State v. Fetherolf, 388 So.2d 38 (Fla. 5th DCA 1980). Moreover, the order in no way prevented any cross-examination at trial. The order reads:
The state’s motion in limine is granted and defense counsel shall make no statement prior to trial to the victim, Pamela Oviatt, to the effect that defendant, her mother, might go to jail as the result of the victim’s testimony.
Obviously, the order only sought to prevent pre-trial intimidation of a vulnerable minor witness. As noted in numerous Florida cases, the trial judge has considerable discretion in his control of the scope of examination and cross-examination of witnesses. Jones v. State, 440 So.2d 570 (Fla.1983); Maggard v. State, 399 So.2d 973 (Fla.), cert. denied, 454 U.S. 1059, 102 S.Ct. 610, 70 L.Ed.2d 598 (1981); Coxwell v. State, 361 So.2d 148 (Fla.1978). In this case, we find no abuse of that broad discretion.
AFFIRMED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.