COWART, Judge.
This case involves an order dismissing an information under Florida Rule of Criminal Procedure 3.190(c)(4).
The State filed an information charging the defendant with willfully and fraudulently failing to redeliver a hired vehicle in violation of section 817.52(3), Florida Statutes. The defendant filed a motion under Florida Rule of Criminal Procedure 3.190(c)(4) alleging that he rented the vehicle in question not as an individual but as agent for a corporation, which corporation, not the defendant, had the duty to, but failed, to redeliver the hired vehicle. Pursuant to Florida Rule of Criminal Procedure 3.190(d) the State filed a sworn traverse denying that the defendant entered into the vehicle rental agreement in question only as agent for the corporation and alleged that the defendant, not the corporation, agreed to return the vehicle to its owner under the vehicle rental agreement. The trial court granted the motion to dismiss the complaint. The State appeals. We reverse.
The information in question adequately charged a crime.[1] The defendant’s (c)(4) motion was proper and pertinent because if, as the defendant swore, the vehicle owner dealt only with the defendant as an agent for a corporation and under the vehicle rental agreement the corporation and not the defendant agreed, and had the duty, to redeliver the hired vehicle, then only the corporation, and not the defendant, could have failed to redeliver the hired vehicle as agreed and only the corporation, not the defendant, could have violated the statute. Thus the defendant asserted facts which if true constituted a legally sufficient affirmative defense. Likewise, the State’s traverse was proper and pertinent because it denied an essential material element in the affirmative defense asserted by the defendant. However, when the information charges a crime and the State creates a disputed material factual issue, either as to some ultimate fact constituting an essential constituent element of the criminal offense charged or as to some fact essential to the establishment of a legally sufficient affirmative defense, the (c)(4) motion should be denied and the cause submitted to the trier of the facts for determination of the truth as to the disputed material fact.[2] Additionally, an accused’s intent to commit a particular crime, being a state of mind, is rarely, if ever, susceptible of direct proof, and is not properly determined on a motion to dismiss. See State v. Gaines, 431 So.2d 736 (Fla. 4th DCA 1983); State v. J.T.S. and G.R.W., 373 So.2d 418, 419 (Fla. 2d DCA 1979). See also State v. Carroll, 404 So.2d 844 (Fla. 5th DCA 1981).
The order granting the motion to dismiss the information in this case is reversed and the cause remanded for further proceedings.
REVERSED.
COBB, C.J., and DAUKSCH, J., concur.

. See State v. Pugh, 350 So.2d 89 (Fla. 4th DCA 1977).

. See generally State v. Patel, 453 So.2d 218 (Fla. 5th DCA 1984); State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981); State v. Shull, 390 So.2d 1233 (Fla. 5th DCA 1980); State v. McKee, 386 So.2d 1296 (Fla. 5th DCA 1980); Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977); State v. Giesy, 243 So.2d 635 (Fla. 4th DCA 1971).