DAUKSCH, Judge.
Appellant appeals the trial court’s judgment declaring a portion of section 843.08, Florida Statutes (1995) unconstitutional and dismissing a charge of falsely assuming or pretending to be a deputy sheriff.
This case began when appellee tried to obtain information about recent suspicious activity in his neighborhood by falsely identifying himself as a deputy sheriff to two of his neighbors. He held out his wallet to make it look like he had a badge and asked them some questions about the suspicious activity.
Appellee was charged with violating section 843.08 by falsely assuming or pretending to be a deputy sheriff. He filed a motion to declare this statute unconstitutional based on its vagueness and overbreadth and to dismiss the charge against him. A hearing was held after which the trial court held a portion of the statute unconstitutionally vague and in violation of the First Amendment and granted appellee’s motion to dismiss. Appellant, state, appealed the court’s ruling. We reverse.
Section 843.08 provides, in pertinent part the following:
A person who falsely assumes or pretends to be a [list of various officers] ... deputy sheriff ..., and takes upon himself to act as such, or to require any other person to aid or assist him in a matter pertaining to the duty of any such officer, is guilty of a felony of the third degree....
The constitutionality of this statute has not been previously addressed.
Simply pretending to be a law enforcement officer is not criminal. However, someone who “takes it upon himself to act as such” is criminal. Although the trial court determined that appellee’s conduct falls within the statute, it found the statute is vague enough to include other actions, such as a child dressed up like a police officer on Halloween. We reject appellant’s argument that appellee had no standing to challenge the vagueness of the statute as applied to other hypothetical situations where his own conduct was clearly proscribed.
This court is bound “to resolve all doubts as to the validity of [a] statute in favor of its *264 constitutionality, provided the statute may be given a fair construction that is consistent with the federal and state constitutions as well as with the legislative intent.” State v. Stalder, 630 So.2d 1072, 1076 (Fla.1994). The Florida Supreme Court has held that
In a facial challenge to the overbreadth and vagueness of a law, a court’s first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissi-bly vague in all of its applications. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.
Bouters v. State, 659 So.2d 235, 237 (Fla.), cert. den., — U.S. -, 116 S.Ct. 245, 133 L.Ed.2d 171 (1995).
The overbreadth doctrine is only applied by the courts as a last resort. State v. T.B.D., 656 So.2d 479 (Fla.1995), cert. den., — U.S. -, 116 S.Ct. 1014, 134 L.Ed.2d 95 (1996). See Bouters, 659 So.2d at 237. A law is vague if it “either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.” Id. [citing Connally v. General Const. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926)].
Appellant contends that the statute at issue is not so imprecise as to require individuals to guess at its meaning. We agree. Under its plain language, the statute prohibits an individual from falsely assuming the persona of a law enforcement officer and acting as such. Appellee’s actions clearly fall within the plain meaning of the statute.
Accordingly, the trial court’s order declaring a portion of section 843.08 unconstitutional is reversed and that portion of the order declaring the remainder of the statute constitutional is affirmed.
AFFIRMED in part; REVERSED in part; REMANDED.
W. SHARP and GOSHORN, JJ., concur.