941 So.2d 567 (2006)
STATE of Florida, Appellant,
v.
Joseph Wade ELLIOTT, Appellee.
No. 1D05-4632.
District Court of Appeal of Florida, First District.
November 15, 2006.
Charlie Crist, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellee.
WOLF, J.
The State appeals the trial court's grant of appellee's Motion to Dismiss filed pursuant to rule 3.190(c)(4), Florida Rules of Criminal Procedure. The State filed a traverse. Because the State's traverse creates a dispute as to the material facts of the case, we reverse.
Appellee was charged by information for two counts of possession of a controlled substance, Xanax and Ketamine, on March 22, 2005. Appellee filed a motion to dismiss asserting that the material facts did not establish a prima facie case of guilt. In particular, the motion argued that the *568 record did not contain a scintilla of evidence that appellee knew the illicit nature of the package's content. The State responded by filing a traverse disagreeing with some of appellee's assertions and introducing evidence that appellee knew of the illicit nature of the package's content.
Where the State's traverse creates a dispute as to the material facts in a case, an automatic denial of the motion to dismiss must follow. See State v. Aylesworth, 666 So.2d 181, 182 (Fla. 2d DCA 1995); see also Fla. R.Crim. P. 3.190(d).
In this case, the disputed material fact is whether or not appellee had knowledge of the illicit nature of the contents of the package he possessed when he was arrested. While appellee asserts it is undisputed that he did not know what the package contained, the State argues that its traverse contains evidence which implies appellee's knowledge. Specifically, the State's traverse included the fact that the package was found on appellee's person, inside his partially-zipped jacket, and it referred to a conversation between appellee and a confidential informant which tended to show appellee knew of the illicit nature of the package's content. When appellee picked up the package from the confidential informant, the informant stated:
Ok, well to let you know what's happening. I have a meeting [with] my attorney tomorrow. [T]hey want me to meet with these guys from Customs. They're trying to put the squeeze on me. [Y]ou know about things. [T]hey're not saying I'm going to go to jail or anything like that for this package, you know, but they're saying they're going to charge me a fee up to $10,000.
Thus, the State asserted that appellee knew of the illicit nature of the package in at least two separate ways, by showing that appellee hid a package in his jacket, and by referring to the conversation between appellee and the confidential informant where the confidential informant notified appellee that he would be heavily fined for the package in his possession. These assertions raise an issue of material fact that appellee had knowledge, and demonstrate that the State made a prima facie case for possession.
For this reason, we reverse and remand to the trial court with directions to reinstate the charges.
LEWIS and THOMAS, JJ., concur.