941 So.2d 556 (2006)
The STATE of Florida, Appellant,
v.
Daisy ARNAL, Appellee.
No. 3D06-608.
District Court of Appeal of Florida, Third District.
November 15, 2006.
*557 Charles J. Crist, Jr., Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellant.
Jauregui & Jauregui and Sabino Jauregui, Miami, for appellee.
Before FLETCHER and WELLS, JJ., and SCHWARTZ, Senior Judge.
WELLS, Judge.
The State appeals from an order granting a sworn motion to dismiss an information charging Daisy Arnal with insurance fraud and grand theft in the third degree. We reverse.
In July 2004, the State filed a two count information charging Arnal with violating section 440.105(4)(b) of the Florida Statutes which makes it unlawful to knowingly make false, fraudulent or misleading statements for the purpose of obtaining workers' compensation benefits or payments:
It shall be unlawful for any person:
1. To knowingly make, or cause to be made, any false, fraudulent, or misleading oral or written statement for the purpose of obtaining or denying any benefit or payment under this chapter.
2. To present or cause to be presented any written or oral statement as part of, or in support of, a claim for payment or other benefit pursuant to any provision of this chapter, knowing that such statement contains any false, incomplete, or misleading information concerning any fact or thing material to such claim.
3. To prepare or cause to be prepared any written or oral statement that is intended to be presented to any employer, insurance company, or self-insured program in connection with, or in support of, any claim for payment or other benefit pursuant to any provision of this chapter, knowing that such statement contains any false, incomplete, or misleading information concerning any fact or thing material to such claim.
4. To knowingly assist, conspire with, or urge any person to engage in activity prohibited by this section.
5. To knowingly make any false, fraudulent, or misleading oral or written statement, or to knowingly omit or conceal material information, required by s. 440.185 or s. 440.381, for the purpose of obtaining workers' compensation coverage or for the purpose of avoiding, delaying, or diminishing the amount of payment of any workers' compensation premiums.
§ 440.105(4)(b), Fla. Stat. (2005).
The State also charged Arnal for theft of the allegedly wrongfully obtained insurance proceeds.
In response to these charges, Arnal filed a Rule 3.190(c)(4) sworn motion to dismiss claiming that she had "never presented or caused to be presented any written or oral statement as part of, or in support of, a claim for payment or other benefit pursuant to any provision of the law knowing that such statement contained any false, incomplete, or misleading information concerning any fact or thing material to such claim."
The State traversed, stating:
3. The State denies this sworn fact. On February 8, 2002, the defendant failed to inform Physical Health Center when filling out patient paperwork, and when talking to a Doctor, that that she had previously been injured in the same area where she was now experiencing pain. The defendant also failed to tell *558 Dr. Ballweg on July 25, 2002, that she had previously been injured in the same area where she was now experiencing pain. Additionally, in her deposition dated August 5, 2002, the defendant denied ever being in an auto accident or filing claims with an insurance company for injury to the same area as she was now experiencing pain.
. . . .
8. The State denies this sworn fact. On at least five different occasions the defendant failed to inform the examiner that she had a previous accident and injury in the same area where she was now suffering pain.
Despite this traverse, the charges were dismissed.
As our decision in State v. Ortiz, 766 So.2d 1137 (Fla. 3d DCA 2000), makes clear, Rule 3.190(c)(4) motions to dismiss are treated like summary judgment motions in civil cases, the purpose of which is to test the legal sufficiency of the underlying case. To avoid dismissal under this rule, the State is not obligated to pre-try its case, only to provide sufficient facts, when viewed in a light most favorable to the State, to show that a reasonable jury could rule in its favor:
A motion to dismiss, made pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), must allege and establish that "there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant." State v. Kalogeropolous, 758 So.2d 110, 111 (Fla.2000). A motion to dismiss in a criminal case is analogous to a motion made for summary judgment in civil cases, and as such "[b]oth should be granted sparingly." State v. Bonebright, 742 So.2d 290, 291 (Fla. 1st DCA 1998); Kalogeropolous, 758 So.2d at 111. See also State v. McQuay, 403 So.2d 566, 567-68 (Fla. 3d DCA 1981) (stating that "[a] motion to dismiss should be granted only where the most favorable construction to the state would not establish a prima facie case of guilt. And if there is any evidence upon which a reasonable jury could find guilt, such a motion must be denied." (emphasis added) (citation omitted)).
Moreover, on a motion made pursuant to Rule 3.190(c)(4), the state is entitled to the most favorable construction of the evidence with all inferences being resolved against the defendant. See State v. Paleveda, 745 So.2d 1026, 1027 (Fla. 2d DCA 1999) (stating that "[w]hen considering a defendant's rule 3.190(c)(4) motion to dismiss, all questions and inferences from the facts must be resolved in favor of the state."); State v. Hunwick, 446 So.2d 214, 215 (Fla. 4th DCA 1984) (holding that "[o]n a motion to dismiss, the state is entitled to a construction most favorable to it; all inferences are resolved against the defendant."). To counter a motion to dismiss, the state need not adduce evidence sufficient to sustain a conviction. See State v. Fetherolf, 388 So.2d 38, 39 (Fla. 5th DCA 1980) (holding that "[t]o counter a motion to dismiss, the state need not produce evidence sufficient to sustain a conviction. The proceeding is not designed to create a trial by affidavit or a `dry run' of a trial on the merits").
Indeed, it is clear that in considering such a motion, the trial court is not permitted to make factual determinations nor consider either the weight of the conflicting evidence or the credibility of the witnesses. Fetherolf, 388 So.2d at 39 (stating that "[i]t is not proper [on a rule 3.190(c)(4) motion] for the court to determine factual issues, consider weight of conflicting evidence, or credibility of witnesses."). See also State v. *559 Gutierrez, 649 So.2d 926, 928 (Fla. 3d DCA 1995) ("On a motion to dismiss, if the affidavits and depositions filed in support of or in opposition to the motion create materially disputed facts, it is improper for the trial court to determine factual issues and consider the weight of conflicting evidence of credibility of witnesses."). "Even if the trial court doubts the sufficiency of the state's evidence, it cannot grant a motion to dismiss criminal charges simply because it concludes that the case will not survive a motion for a judgment of acquittal." Paleveda, 745 So.2d at 1027.
Ortiz, 766 So.2d at 1141-42.
The traverse in this case affirmatively asserts that Arnal made false and misleading statements about her medical history, and that these statements were material to the amount of the payments that she was to obtain under Chapter 440. These facts are more than adequate to make a prima facie case under that Chapter and avoid dismissal. And, while intent or state of mind may, as the trial court correctly noted, be difficult to establish, it is not, as we have stated "an issue to be decided on a motion to dismiss under Rule 3.190(c)(4)." State v. Book, 523 So.2d 636, 638 (Fla. 3d DCA 1988). Thus, on this record the charges should not have been dismissed.
The order under review is, therefore, reversed and the cause remanded.