997 So.2d 1174 (2008)
The STATE of Florida, Appellant,
v.
Ronald TERMA, Appellee.
No. 3D07-3341.
District Court of Appeal of Florida, Third District.
December 17, 2008.
*1175 Bill McCollum, Attorney General, and Heidi Milan Caballero, Assistant Attorney General, for appellant.
Epstein, Becker & Green and Joseph P. Klock, Jr., and Rashida M. Ivy, Miami, for appellee.
Before GERSTEN, C.J., and WELLS and LAGOA, JJ.
*1176 LAGOA, J.
The State of Florida appeals an order granting defendant Ronald Terma's ("Terma") motion to dismiss an information under Florida Rule of Criminal Procedure 3.190(c)(4).[1] Because the State's traverse specifically denied the material facts alleged by Terma and asserted additional material facts, we reverse.

I. FACTUAL AND PROCEDURAL HISTORY

During a May 2006 automobile stop, the car's alleged occupants, Terma, Frantz Papillon, and Luckson Branel, who is now deceased, became involved in an altercation with two Miami-Dade police officers. On July 19, 2006, the State charged Terma, a/k/a John Doe, by information with battery, battery on a law enforcement officer, and resisting an officer with violence.
On December 12, 2007, Terma filed a sworn motion to dismiss asserting that he was not in or near the car on the date of the incident, that he did not encounter, shove, bite, or touch the police officers, and that he was not present when the fight took place. Terma also asserted that his brother, Edwin, who is now deceased, was the person involved in the incident, and that Edwin told Terma that he had given Terma's name to the police. In addition, Terma filed the supporting affidavits of Frantz Papillon ("Frantz") and Bengy Papillon ("Bengy"). Frantz's affidavit stated that he was a passenger in the car, that Luckson Branel was the driver, that the other passenger was Edwin, and that Edwin, who was subject to an outstanding alias capias, lied when he told the police his name was Ronald. Bengy's affidavit stated that on the date of the incident Edwin had called him for a ride and explained that he had used Ronald's name to avoid arrest on the alias capias. A hearing on Terma's motion was scheduled for December 17, 2007.
Just prior to the hearing on Terma's motion, the State filed and served defense counsel with a traverse specifically denying under oath[2] the material allegations of the dismissal motion. The traverse asserted that Miami-Dade Officers Milina and Gonzalez identified Terma as the passenger in the backseat and identified Terma as the person who "shoved, bit and touched" the officers. Additionally, the traverse asserted that Frantz gave a statement identifying Terma as the passenger in the car who fought with the police. The State attached to the traverse the sworn Miranda statement of Luckson Branel, which described the incident, and further stated that Terma was both a passenger in the car and was involved in an altercation with the police. The State's traverse also *1177 attached the Narrative Continuation of the Officer Incident Report summarizing Frantz's oral statements implicating Terma.
At the conclusion of the hearing, the trial court granted Terma's motion and dismissed the case against Terma based on a finding that the traverse was "inadequate."[3] Specifically, the trial court stated:
What I am troubled with, with the traverse, however, is the fact that it really doesn't contain any under oath factual allegations to rebut the specifics of the motion.
....
Now, I just want to analogize to the civil motion for summary judgment.... But in those situations in the civil arena for a motion for summary judgment the party opposing the summary judgment must, in order to oppose it, present affidavit testimony, sworn affidavit testimony, from those witnesses who would testify if there was trial, and we don't have that here. [T]his traverse like too many I've seen from the state attorney's office is inadequate, at least from my reading of the rules.
This appeal ensued.

II. ANALYSIS

On appeal, the State argues that the trial court erred in dismissing the case because the State filed a legally sufficient traverse that raised disputed issues of material fact. We agree.
Pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), "it is the defendant's burden to specifically allege and swear to the undisputed facts in a motion to dismiss and to demonstrate that no prima facie case exists upon the facts set forth in detail in the motion. The purpose of this procedure is to avoid a trial when there are no material facts genuinely in issue." State v. Kalogeropolous, 758 So.2d 110, 111 (Fla.2000); see State v. Covington, 973 So.2d 481, 482 (Fla. 3d DCA 2007), review denied, 988 So.2d 621 (Fla. 2008). Indeed, "[a] motion to dismiss should be granted only where the most favorable construction to the State would not establish a prima facie case of guilt. And if there is any evidence upon which a reasonable jury could find guilt, such a motion must be denied." State v. McQuay, 403 So.2d 566, 567-68 (Fla. 3d DCA 1981) (citation omitted).
In response to a motion to dismiss, the State may file a traverse, as provided for in Florida Rule of Criminal Procedure 3.190(d).[4] "The State need only specifically dispute a material fact alleged by the defendant or add additional material facts that meet the minimal requirement of a prima facie case." Kalogeropolous, 758 So.2d at 112; see State v. Gay, 960 So.2d 864, 867 (Fla. 2d DCA 2007). In order to avoid dismissal under Rule 3.190(c)(4), "the State is not obligated to *1178 pre-try its case, only to provide sufficient facts, when viewed in a light most favorable to the State, to show that a reasonable jury could rule in its favor." State v. Arnal, 941 So.2d 556, 558 (Fla. 3d DCA 2006).
Contrary to the trial court's finding, the State is not required to oppose a defendant's motion to dismiss with "affidavit testimony" in order to avoid dismissal. A proceeding under Rule 3.190 "is not designed to create a trial by affidavit or a `dry run' of a trial on the merits." State v. Fetherolf, 388 So.2d 38, 39 (Fla. 5th DCA 1980). Indeed, for a "traverse to effectively deny a material fact alleged in the motion to dismiss, it need not be based in whole or in part on the personal knowledge of the state attorney who files it nor must it be buttressed by the affidavit of the victim or other witness." Ellis v. State, 346 So.2d 1044, 1045 (Fla. 1st DCA 1977); see State v. Hamlin, 306 So.2d 150, 152 (Fla. 4th DCA 1975) (a traverse "need not be based upon personal knowledge on the part of the State or shored up by affidavit of the victim"). It is sufficient for the State to file, under oath,[5] a traverse through the state attorney or a designated assistant state attorney specifically denying a material fact alleged in a Rule 3.190(c)(4) motion to dismiss or asserting additional material facts that establish a prima facie case. See Fetherolf, 388 So.2d at 39; Hamlin, 306 So.2d at 152. We, therefore, find no merit to Terma's argument on appeal, that the State's traverse was lacking because it was based on unsupported, conclusory allegations.
The disputed material facts at issue in this case are whether Terma was a passenger in the car stopped by the police and whether, following the stop, Terma was involved in an altercation with the police. In his motion, Terma asserted that it was undisputed he was not a passenger in the vehicle stopped by the police and that it was his brother, Edwin, who was the passenger in the car that fought with the police. In its traverse, however, the State specifically disputed Terma's material facts and asserted additional material facts that the officers at the scene "`100 percent' identified the defendant in the back seat as Ronald Terma" and further identified "Ronald Terma as the person who shoved, bit and touched the police officers."
Construing the facts in the light most favorable to the State with all inferences resolved in its favor, Kalogeropolous, 758 So.2d at 112; State v. Ortiz, 766 So.2d 1137, 1142 (Fla. 3d DCA 2000), we conclude that the State's traverse, specifically denying the material facts alleged by Terma and alleging additional material facts, is sufficient to establish a prima facie case against Terma. See Gay, 960 So.2d at 868-69; State v. Gordon, 942 So.2d 1021, 1021-22 (Fla. 4th DCA 2006); Arnal, 941 So.2d at 559; State v. Elliott, 941 So.2d 567, 568 (Fla. 1st DCA 2006); State v. Horne, 399 So.2d 49 (Fla. 3d DCA 1981). Because material facts are disputed, "denial of the motion to dismiss is mandatory" and, we find that the trial court erred in granting Terma's motion to dismiss. See Kalogeropolous, 758 So.2d at 112; State v. *1179 Roederer, 804 So.2d 618 (Fla. 3d DCA 2002).
Accordingly, for the foregoing reasons, we reverse the trial court's order of dismissal and remand for reinstatement of the charges against Terma.
Reversed and remanded.
NOTES
[1] Rule 3.190(c)(4) states in pertinent part:

[T]he court may at any time entertain a motion to dismiss on any of the following grounds:
....
(4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.
The facts on which the motion is based should be alleged specifically and the motion sworn to.
[2] The oath contained in the traverse read as follows:

BEFORE ME, the undersigned authority, duly authorized to administer oaths and take acknowledgments, personally appeared L.E.Bolton, who being by me first duly sworn, deposes and says that he is a duly appointed Assistant State Attorney of the Eleventh Judicial Circuit of Florida and that, as such, he is authorized to execute and has executed the above Traverse in good faith; and that he has received testimony under oath as to the allegations therein contained. Further affiant saith not.
[3] Although Terma contends on appeal that the traverse was untimely, we conclude that the trial court properly declined to dismiss the case based on this issue.
[4] Rule 3.190(d) states as follows:

Traverse or Demurrer. The state may traverse or demur to a motion to dismiss that alleges factual matters. Factual matters alleged in a motion to dismiss under subdivision (c)(4) of this rule shall be considered admitted unless specifically denied by the state in the traverse. The court may receive evidence on any issue of fact necessary to the decision on the motion. A motion to dismiss under subdivision (c)(4) of this rule shall be denied if the state files a traverse that, with specificity, denies under oath the material fact or facts alleged in the motion to dismiss. The demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.
[5] As this Court concluded in State v. Zipfel, 537 So.2d 1099 (Fla. 3d DCA 1989), if the State's traverse is couched in the same language as the oath required for execution of an information pursuant to Florida Rule of Criminal Procedure 3.140(g), the traverse is adequate. Here, the traverse filed by the State contained a sworn oath certifying that the assistant state attorney had executed the traverse "in good faith" and had "received testimony under oath as to the allegations therein contained." As such, we find that the traverse filed was adequate.