PER CURIAM.
 

 The State appeals the trial court’s grant of the defendant’s motion to dismiss. The State filed a traverse. Because the traverse creates a dispute as to the material facts of the case, we reverse.
 

 The defendant was charged by information with one count of aggravated assault with a firearm. She filed a sworn motion to dismiss, asserting that the material facts did not establish a
 
 prima facie
 
 case of guilt. She alleged that she fired a gun into the ceiling of the bathroom while the alleged victim was in another room. She also alleged that, although the alleged victim heard the gunshots, the alleged victim did not see the gun. Based on those allegations, she argued that there was no evidence that she intended to do violence to the alleged victim or that the victim was placed in fear.
 

 The State responded by filing a traverse. The State denied under oath the material facts alleged in the motion. The State alleged that, according to the probable cause affidavit, the defendant pointed a gun at the alleged victim while in the same room and intentionally fired three times, missing the alleged victim and striking the wall.
 

 Florida Rule of Criminal Procedure Rule 3.190(d) provides in part:
 

 The state may traverse or demur to a motion to dismiss that alleges factual matters. Factual matters alleged in a motion to dismiss under subdivision (c)(4) of this rule shall be considered admitted unless specifically denied by
 
 *195
 
 the state in the traverse. The court may receive evidence on any issue of fact necessary to the decision on the motion. A motion to dismiss under subdivision (c)(4) of this rule shall be denied if the state files a traverse that, with specificity, denies under oath the material fact or facts alleged in the motion to dismiss.
 

 In the instant case, it is clear that the State specifically denied under oath the material facts alleged in the motion. Because this created a dispute as to the material facts of the case, the trial court erred in granting the motion to dismiss.
 
 See State v. Elliott,
 
 941 So.2d 567, 568 (Fla. 1st DCA 2006) (“Where the State’s traverse creates a dispute as to the material facts in a case, an automatic denial of the motion to dismiss must follow.”).
 

 Accordingly, we reverse and remand to the trial court with directions to reinstate the charges.
 

 WEBSTER, LEWIS, and ROBERTS, JJ., concur.