ROTHENBERG, J.
 

 The defendant, Jean Beaubrun, was charged with falsely personating a law enforcement officer, in violation of section 843.08, Florida Statutes (2008), which provides: “A person who falsely assumes or pretends to be a ... police officer ... and takes upon himself to act as such ... commits a felony of the third degree.” This statute “prohibits an individual from falsely assuming the persona of a law enforcement officer and acting as such.”
 
 State v. Alecia,
 
 692 So.2d 263, 264 (Fla. 5th DCA 1997). The sole issue presented in this appeal is whether the trial court erred by granting the defendant’s motion to dismiss the information under Florida Rule of Criminal Procedure 3.190(c)(4).
 

 Pursuant to rule 3.190(c)(4), a defendant may file a motion to dismiss criminal charges on the ground that “[tjhere are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.” The purpose of a motion to dismiss filed under
 
 *899
 
 rule 3.190(c)(4) is to test the legal sufficiency of the case.
 
 State v. Arnal,
 
 941 So.2d 556, 558 (Fla. 3d DCA 2006). If the State does not file a traverse specifically denying the factual matters asserted in the motion to dismiss, the factual matters are considered admitted. Fla. R.Crim. P. 3.190(d) (“Factual matters alleged in a motion to dismiss under subdivision (c)(4) of this rule shall be considered admitted unless specifically denied by the state in the traverse.”). However, “if the state files a traverse that, with specificity, denies under oath the material fact or facts alleged in the motion to dismiss,” the trial court must deny the motion to dismiss. Fla. R.Crim. P. 3.190(d). “To avoid dismissal under this rule, the State is not obligated to pre-try its case, only to provide sufficient facts, when viewed in a light most favorable to the State, to show that a reasonable jury could rule in its favor.”
 
 Arnal,
 
 941 So.2d at 558.
 

 At the hearing on the defendant’s sworn motion to dismiss, the trial court granted the defendant’s motion over the State’s objection, concluding that “none of the actions taken by the defendant can be characterized as acting as a police officer.” In this timely appeal from the subsequent written order granting the defendant’s motion to dismiss, the State argues that the trial court erred by granting the motion to dismiss where its traverse specifically disputes material facts and asserts additional material facts, which, when viewed in the light most favorable to the State, are sufficient to make a prima facie case of guilt against the defendant. We agree.
 

 The defendant’s sworn motion to dismiss asserts that the undisputed material facts are as follows. On the day of the defendant’s arrest, he held Class D and G security licenses and a concealed weapons permit. While attending his uncle’s funeral, he volunteered to escort the funeral procession to the cemetery in his “security car,” which is equipped with a light bar that displays amber and green lights to the front of the car and green and red lights to the back of the vehicle. Further, the vehicle has the following phrases written on it: “K-9 Enforcement,” “911 Emergency,” and “Detection Unit.”
 

 While acting as a funeral escort, the defendant used his vehicle to block oncoming traffic outside the funeral home, but never exited the vehicle when doing so. Thereafter, he drove behind the procession •with the light bar flashing. While escorting the procession on Interstate 95 (“I-95”), Officer Bryant stopped the defendant for failing to yield the right of way. When the defendant exited his “security car,” he was wearing gray cargo pants; a black shirt; a green traffic vest; and a nylon belt with a 9 mm gun, two magazines, a taser with two cartridges, pepper spray, and handcuffs. These items were not visible while he was in the vehicle. Thereafter, Officer Rogers, who responded to the scene, searched the trunk of the “security car,” finding a rifle, 119 rounds of ammunition, two bulletproof vests, and a Velcro patch labeled “police.” The motion to dismiss further asserts that at no time did the defendant identify himself to others as a police officer, wear anything identifying himself as a police officer, or detain or attempt to detain a citizen.
 

 The State filed a traverse/demurrer, admitting the majority of the factual allegations contained in the defendant’s motion to dismiss, but denying certain material factual matters. The traverse denies the assertion in the motion to dismiss that the defendant remained in his “security car” while blocking oncoming traffic outside of the funeral home. Instead, the traverse states that it has not been determined if the defendant exited his vehicle while blocking oncoming traffic and it is unclear if the public saw the defendant in his “police looking garb.” In addition, the
 
 *900
 
 traverse denies the defendant’s assertion that he was acting as a funeral escort when he was pulled over by Officer Bryant on 1-95, explaining that before the procession entered 1-95, the police escort had arrived and was actively escorting the funeral procession. Nonetheless, the defendant, who was speeding and driving on the shoulder of the highway, continued to drive behind the police motorcycle at the end of the procession with his vehicle’s lights activated. The traverse asserts that the “actions of the Defendant were not that of one who was escorting a funeral procession, but one who was intending to deceive the public to believe he was a law enforcement officer.” Moreover, the traverse states that in addition to the phrases described in the motion to dismiss, the defendant’s vehicle also had the following markings and equipment — red and blue stripes; a State of Florida seal; the phrases “Warning: Work Dog” and “K-9 Officer Enforcement”; a laptop computer mounted on the front console; a K-9 cage; and a Police Athletic League license plate.
 

 Construing the facts in the light most favorable to the State, it is clear that a jury could reasonably find that the defendant “falsely assume[d] or pretend[ed] to be a ... police officer .-.. and [took] upon himself to act as such,” in violation of section 843.08. In doing so, we focus on the following facts: the defendant’s attire — gray cargo pants; a black shirt; a green traffic vest; and a nylon belt with a 9 mm gun, two magazines, a taser with two cartridges, pepper spray, and handcuffs; the defendant’s vehicle, which resembled a law enforcement vehicle; and the defendant’s actions
 
 after
 
 the two motorcycle police officers arrived and began actively escorting the funeral procession — driving the vehicle at a high rate of speed and on the shoulder of the highway with the vehicle’s lights activated and following closely behind the motorcycle police officer that was at the back of the procession.
 

 The markings on the defendant’s vehicle and his actions are of particular importance. Based on a combination of the “facts” listed in the defendant’s sworn motion to dismiss and the State’s traverse, the defendant’s vehicle was equipped with a light bar containing amber, green, and red lights; had the following phrases and markings on it: “K-9 Officer Enforcement” (emphasis added), “911 Emergency,” “Warning: Work Dog,” “Detection Unit,” and a State of Florida seal; and was equipped with a K-9 cage, a laptop computer mounted on the front console, and a Police Athletic League license plate.
 

 Chapter 498, Florida Statutes (2008), regulates private security, investigative, and repossession services. Section 493.6124 prohibits the use of any pictorial portion of the seal of the State of Florida in connection with any activities regulated under Chapter 493.
 
 [1]
 

 Additionally, section 316.1974(2)(a), Florida Statutes (2008), specifies the type of lights that may be used by a non-law enforcement funeral escort vehicle. Section 316.1974(2)(a) provides that “[a]ll non-law enforcement funeral escort vehicles ... shall be equipped with at least one lighted circulation lamp exhibiting an amber or purple light.... Flashing amber or purple lights may be used only when such vehicles are used in a funeral procession.” The defendant’s vehicle was equipped with a light bar that displays amber and green lights to the front of the car, and green and red lights to the back of the car, and
 
 *901
 
 all lights were activated when he was pulled over by Officer Bryant.
 

 Thus, based on the defendant’s attire, his vehicle, and his actions, the jury could reasonably find that the defendant “falsely assume[d] or pretend[ed] to be a ... police officer ... and [took] upon himself to act as such,” in violation of section 843.08. Accordingly, we reverse the trial court’s order of dismissal and remand for reinstatement of the charge against the defendant.
 

 Reversed and remanded.
 

 [1]
 

 . Section 493.6124 provides as follows:
 

 Use of state seal; prohibited. — No person or licensee shall use any facsimile reproduction or pictorial portion of the Great Seal of the State of Florida on any badge, credential, identification card, or other means of identification used in connection with any activities regulated under this chapter.