STEVENSON, J.
The State of Florida appeals an order granting a defendant’s rule 3.190(c)(4) motion to dismiss, asserting that the factual allegations of the motion were not sworn to by the defendant as required by the rule. While the rule unquestionably requires that the motion be sworn, we find the State waived the deficiency and affirm.
The State filed an information charging David Pitts with trafficking in- cocaine (count I), possession of MDMS (count III), possession of a firearm by a convicted felon (count IV), and possession of marijuana (count V).[1] Pitts filed a rule 3.190(c)(4) motion seeking to dismiss the firearm possession charge (count IV). The unsworn motion asserted the following pertinent facts: “[t]he defendant resided in the residence with numerous other parties”; “[a]t the time of the execution of the search warrant Pitts was present in the house with at least four (4) other people”; and “[t]he firearm was found on the win *1192 dow sill next to the co-defendant.” Pitts contended that, based on these facts, he could not be convicted of possession of a firearm, even under a constructive possession theory. The State did not file a written traverse.
At a subsequent hearing on the motion, defense counsel made the additional representation that the State had provided photographs depicting a co-defendant holding the gun, insisting Pitts just happened to be present when the warrant was executed. The prosecutor did not dispute the facts asserted in the defendant’s motion, but did add that surveillance video put Pitts at the residence on a number of occasions prior to the execution of the warrant — a fact that is not inconsistent with the motion’s allegation that the defendant resided at the residence with numerous others. The prosecutor also added that the police had been able to get a DNA profile from the gun and sought an order compelling the defendant to submit to DNA testing. At no time during the hearing did the State raise any objection to the fact that the defendant’s motion was not sworn.[2] Similarly, the defendant failed to object to the State’s failure to file a written traverse. Following these proceedings, the trial court granted the motion to dismiss count IV without prejudice and granted the motion to compel DNA testing, indicating the State could re-file if the DNA on the gun belonged to the defendant.
Florida Rule of Criminal Procedure 3.190(c)(4) permits a defendant to seek dismissal of charges against him, at any time, on the ground that “[tjhere are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.” The language of the rule expressly contemplates that “[t]he facts on which the motion is based should be alleged specifically” and that the motion be sworn. Fla. R.Crim. P. 3.190(c). The rule permits the State to file a traverse, denying under oath and with specificity the facts alleged in the motion. See Fla. R.Crim. P. 3.190(d). “If the State does not file a traverse specifically denying the factual matters asserted in the motion to dismiss, the factual matters are considered admitted.” State v. Beaubrun, 36 So.3d 897, 899 (Fla. 3d DCA 2010) (citing Fla. R.Crim. P. 3.190(d)).
Here, the State argues that the defendant’s failure to swear to the factual allegations in the rule 3.190(c)(4) motion was fatal and requires this court to reverse. There is no question that the rule requires that the motion be sworn and that a deficiency in the oath justifies denial of the motion. See State v. Justo, 555 So.2d 893, 894 (Fla. 3d DCA 1990) (holding, in a case where State objected to oath underlying motion, that “[ujpon finding that the motion was procedurally invalid because of the defective jurat,, the court should have gone no further and should have denied ... motion to dismiss”). In the instant case, however, the State failed to object to the fact that the motion was unsworn. The State’s failure to object to the un-sworn motion amounted to a waiver of the deficiency. See, e.g., State v. Gomez, 508 So.2d 784, 785 (Fla. 5th DCA 1987) (finding motion procedurally defective as it was not sworn to by the defendant, but State waived such defect by failing to object); Goodmakers v. State, 450 So.2d 888, 890 (Fla. 2d DCA 1984) (holding trial court erred in denying motion to dismiss, and noting that, while motion was sworn to by counsel, not the defendant, deficiency had *1193 been waived by State’s failure to object); State v. Mayle, 406 So.2d 108, 108 n. 3 (Fla. 5th DCA 1981) (affirming order granting rule 3.190(c)(4) motion despite fact that motion was sworn to by counsel as State waived deficiency by failing to object).
Accordingly, we find no error in the trial court’s granting of the motion to dismiss count IV of the complaint.

Affirmed.

WARNER and POLEN, JJ., concur.

. Count II was directed to a co-defendant.

. Further, while the State complains on appeal that the hearing was unnoticed, during the hearing, the prosecutor neither expressed surprise that the motion was heard nor sought a continuance.