SWANSON, J., Associate Judge.
The State of Florida appeals the trial court’s final order granting Joseph Miller’s motion to dismiss the information charging him with sexual battery without personal injury, in violation of section 794.011(5), Florida Statutes (2012). We have jurisdiction, see Florida Rule of Appellate Procedure 9.030(b)(1)(A), and, for the reasons that follow, we reverse.
The information alleged that Miller had penetrated the victim’s vagina without her consent. Miller moved the trial court to dismiss the information under Florida Rule of Criminal Procedure 3.190(b), arguing the undisputed facts show the victim consented to the penetration. The state filed a traverse under Florida Rule of Criminal Procedure 3.190(d). The traverse, the arguments of counsel, and the reasoning of the trial court reflect that the motion to dismiss was in effect treated as one filed under Florida Rule of Criminal Procedure 3.190(c)(4). Therefore, “[a] motion to dismiss under subdivision (c)(4) ... shall be denied if the state files a traverse that, with specificity, denies under oath the material fact or facts alleged in the motion to dismiss.” Fla. R. Crim. P. 3.190(d) (emphasis added). In this matter, we hold the State’s traverse provides material factual allegations that meet the minimum requirements of a prima facie case with respect to the charge. See State v. Kalogeropolous, 758 So.2d 110, 111 (Fla.2000); State v. Fadden, 466 So.2d 1093, 1095 (Fla. 5th DCA 1985). “[W]here the State’s traverse creates a dispute as to the material facts in a case, an automatic denial of the motion to dismiss must follow.” State v. Taylor, 16 So.3d 997, 999 (Fla. 5th DCA 2009) (citing State v. Elliott, 941 So.2d 567 (Fla. 1st DCA 2006)). Consequently, the trial court’s order granting the motion to dismiss was in error. Accordingly, the order is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
TORPY, C.J. and PLEUS, R„ Senior Judge, concur.