Kuntz, J.
J.G. appeals the court’s judgment and conviction for misdemeanor battery and resisting arrest without violence. We affirm the conviction and write to address his argument that the trial court erred in refusing to allow the use of an audio recorded deposition to refresh a witness’s recollection. We agree with J.G. that the court erred. However, because the error was harmless, we affirm.
At trial, the arresting officer testified that J.G. knew she was an officer prior to the incident in question. Counsel for J.G. sought to refresh the officer’s recollection, or impeach the officer’s testimony, with a prior inconsistent statement given at a pre-trial deposition. The deposition was not transcribed but was recorded. The court refused to allow impeachment through the use of an audio tape, stating:
I don’t know of any rule which provides for me to do it this way. It’s very difficult being that the [pjrosecutor can’t look at the context of the time the question, the witness can’t look at the context of the time of the question if you’re playing just an excerpt of it .... I’m not going to allow it to be done outside of my presence and I’m not going to allow the audio deposition to be used in excerpts.
While the court was correct that there is no specific rule which provides for refreshing a witness’s recollection in the manner sought, the rules are broadly written and allow for a witness’s recollection to be refreshed through a “writing or other item.” § 90.613, Fla. Stat. (2015). Further, while any party may use “statements” of a witness to impeach the witness, the impeachment statute is silent as to the form of the statements permitted. See § 90.608(1), Fla. Stat. (2015).
We have previously discussed the use of an audio tape to refresh recollection. Hill v. State, 355 So.2d 116 (Fla. 4th DCA 1978). In Hill, we reversed a conviction based on the use of an audio tape to refresh a witness’s recollection. However, in that case, the audio tape was played in the presence of the jury, the witness denied making the statements, and the State relied on the statements in closing argument. We held that “prejudicial error may be committed when the contents of a statement are introduced as evidence where a court witness stated that he did not recall making the statement.” Id. at 116. We concluded by noting that “many courts have indicated that the playing of such tapes can be permitted to refresh a witness’ memory but that such procedure should be utilized outside the presence of the jury.” Id. at 117 (citing United States v. McKeever, 271 F.2d 669 (2d Cir. 1959); State v. Gonya, 107 R.I. 594, 268 A.2d 729 (1970); Breeding v. Reed, 253 Iowa 129, 110 N.W.2d 552 (1961)); see also Kimble v. State, 537 So.2d 1094, 1096 (Fla. 2d DCA 1989) (citing Williams v. State, 472 So.2d 1350, 1352 (Fla. 2d DCA 1985)) (“[Tjhe Florida Evidence Code does not require that a witness’s prior inconsistent statement be reduced to writing in order to impeach the witness under section 90.608(l)(a).”).
While we held in Hill that an audio played to refresh a witness’s recollection should be played outside the presence of the jury, the presiding judge in a bench trial need not leave the bench as suggested by counsel for J.G. below. A “judge as finder of fact is presumed to have disregarded any inadmissible evidence or improper argument.” Guzman v. State, 868 So.2d 498, 510-11 (Fla. 2003) (citing First Atl. Nat'l Bank of Daytona Beach v. Cobbett, 82 So.2d 870, 871 (Fla. 1955)).
Ultimately, the refusal to allow J.G. to refresh the officer’s recollection with the audio tape statement was harmless. First, the officer later clarified that she was un *938 certain as to whether or not J.G. knew she was an officer at the time of the incident in question. Second, the court dismissed the charge that J.G. knowingly struck a law enforcement officer. The testimony as to J.G.’s knowledge regarding the officer was not relevant to the charges for which he was ultimately convicted and the court’s error in refusing J.G. the opportunity to refresh the officer’s recollection was harmless. Therefore, the judgment is affirmed.

Affirmed.

Warner and Gerber, JJ., concur.