COVINGTON, Judge.
Plaintiff, Ben Roy, filed a petition to enjoin an alleged violation of the so-called right-to-work law, LSA-R.S. 23:981 et seq., and also to obtain damages from defendant, State of Louisiana, through Louisiana Department of Labor. Plaintiff alleged that the Department, through its employees in the office of Employment Security, are responsible for the recruiting of movie actors and extras who appear in movies filmed in Louisiana. Plaintiff then alleged that although he is a qualified and experienced actor in movie roles and has made repeated applications for movie roles to defendant, he has been denied the right to even try out for a movie role solely because he is not a member of the Screen Actors Guild, a labor union, and that defendant limits its recruiting and recommendations for the more lucrative speaking roles to union members. Plaintiff seeks injunctive relief and damages.
The Department filed two peremptory exceptions of no cause of action, on the ground that the State is not a “person” within the meaning of right-to-work legislation and is thus cloaked with sovereign immunity from suit, and the other on the ground that the right-to-work law “necessarily presupposes an existing employer-employee relationship, not merely the potentiality of such relationship.”
The matter came on for hearing on the peremptory exceptions and the trial court sustained the second exception of no cause of action; i. e., on the ground that the relief sought by plaintiff was limited to existing employer-employee relationships. The court below did not rule on the question of state immunity from suit.
Following dismissal of his suit, plaintiff sought a rehearing which was denied. He then devolutively appealed. We reverse and remand.
On appeal, plaintiff asserts that the right-to-work law forbids union membership to be a condition of obtaining or retaining employment; and that since the type of activity plaintiff alleges the Department is carrying on is a prohibited activity, plaintiff must have a remedy under the law. He further asserts that LSA-R.S. 23:986 provides such a remedy for the enforcement of his rights.
In response, the Department asserts in this Court, as it did in the court below, that plaintiff has no remedy under the right-to-work law, because there is no existing employer-employee relationship between him and the Department. The Department avers that Ben Roy is not an “employee” of defendant. The basis for the *90 Department’s contention is that LSA-R.S. 23:986[1] uses the term “any employee” in describing to whom injunctive relief and damages is available in the case of a violation or threatened violation, and not the broader term “any person” that some of the other provisions of the right-to-work statute uses, e. g. LSA-R.S. 23:985[2].
Under the Department’s interpretation of the right-to-work law, a suitor, such as the plaintiff herein, could never sue for violations or threatened violations because he could never be classified as “an employee” so as to qualify for Section 986 remedies. Such an interpretation, in our opinion, is patently contrary to the avowed public policy of the right-to — work law, which is stated in the statute[3] as follows:
“It is hereby declared to be the public policy of Louisiana that all persons shall have, and shall be protected in the exercise of the right, freely and without fear of penalty or reprisal, to form, join and assist labor organizations or to refrain from any such activities.”
Moreover, such a restrictive interpretation offends the freedom of choice provision of the right-to-work law, LSA-R.S. 23:983, which reads:
“No person shall be required, as a condition of employment, to become or remain a member of any labor organization, or to pay any dues, fees, assessments, or other charges of any kind to a labor organization.”
Consequently, we disagree with the Department’s construction of the statute, and hold that the trial court erred in maintaining the peremptory exception based on this ground. Considering only the pleaded facts, the petition makes out a cause of action. See Gustin v. Shows, 377 So.2d 1325 (La.App. 1 Cir. 1979).
The Department also contends that defendant is protected by state immunity from suit. In our opinion, LSA—Const. 1974, Article 12, Section 10(A)[4] has effectively demolished the concept of sovereign immunity. See Muse v. St. Paul Fire and Marine Insurance Company, 328 So.2d 698 (La.App. 1 Cir. 1976). The State and its agencies are not immune from suit for alleged violations of the right-to-work law.
We hold that plaintiff has stated a cause of action against defendant. He is entitled to his day in court to prove his case on the merits, if he can. Accordingly, we reverse and remand for further proceedings in accordance with law. Costs are to await final disposition of this suit.
REVERSED AND REMANDED.

.“Any employee injured as a result of any violation or threatened violatin of the provisions of this Part shall be entitled to injunctive relief against any and all violators or persons threatening violation, and may also recover any and all damages of any character resulting from such violation or threatened violation.

.“Any person who directly or indirectly places upon any other person any requirement or compulsion prohibited by this Part shall be guilty of a misdemeanor, and upon conviction thereof shall be subject to a fine not exceeding one thousand dollars and/or imprisonment for a period of not more than ninety days.”

. LSA-R.S. 23:981.

. “Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.”