HAWKES, C.J.
 

 Defendant was charged with aggravated assault with a deadly weapon and moved to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) (2009). In the motion, defendant claimed he acted out of self defense and emphasized that the victim had recanted earlier statements given to the police. Although the State filed a traverse, the trial court granted the motion to dismiss, finding the material facts were not in dispute and the undisputed facts did not establish a prima facie case of guilt. On appeal, the State challenges the dismissal and claims the traverse created a material issue of fact. We agree and reverse the trial court’s order.
 

 Rule 3.190(c)(4) permits a defendant to move to dismiss a charge when “[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.” To avoid dismissal under Rule 3.190(c)(4), the State must file a traverse denying under oath the material facts alleged in the motion to dismiss.
 
 See
 
 Fla. R.Crim. P. 3.190(d). In the traverse, the State is not required to pretry its case, only to present sufficient facts which, when viewed in a light most favorable to the State, show that a reasonable jury could find in its favor.
 
 See State v. Terma,
 
 997 So.2d 1174, 1177-78 (Fla. 3d DCA 2008) (stating the State is entitled to the most favorable construction of the facts possible);
 
 State v. Ortiz,
 
 766 So.2d 1137, 1141-42 (Fla. 3d DCA 2000) (stating that when considering a Rule 3.190(c)(4) motion, “the [Sjtate is entitled to the most favorable construction of the evidence with all inferences being resolved against the defendant”).
 

 Here, in defendant’s motion to dismiss pursuant to Rule 3.190(c)(4), he alleged he had not threatened or shot at the victim with a firearm. Defendant claimed any action taken was in self defense to dissuade the victim, who was attempting to engage in a violent confrontation with him.
 
 *157
 
 He claimed any statements made by the victim to the contrary were fabrications and attached an affidavit from the victim in which she corroborated his version of events.
 

 However, the State’s traverse denied these allegations and identified a material issue of fact, namely that the victim had earlier stated the defendant had “shot a 9mm handgun at her twice [] and knocked her to the ground and held the gun to her head.” Viewing this allegation in a light most favorable to the State, the traverse created a dispute over material facts and the trial court erred in granting the motion to dismiss.
 
 See State v. Fetherolf,
 
 388 So.2d 88, 89 (Fla. 5th DCA 1980) (finding a motion to dismiss should have been denied when the State’s traverse contained prior statements by the victim which contradicted material allegations in the motion, despite the fact that the victim had recanted those prior statements).
 

 We REVERSE the trial court’s order granting the motion to dismiss and REMAND for further proceedings consistent with this opinion.
 

 ROBERTS and CLARK, JJ., concur.