PER CURIAM.
 

 This is an appeal from an order granting a Florida Rule of Criminal Procedure 3.190(c)(4) motion to dismiss the State’s prosecution of an armed burglary charge. Appellee, Tiffany Montique Greene, contends on appeal that the trial court correctly granted the motion because the undisputed facts did not establish a prima facie case of armed burglary. The State contends that the trial court erred in granting the motion because there were disputed issues of fact. Because we agree with the State, we reverse the trial court’s order granting the motion to dismiss.
 

 An information can be dismissed when “[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.” Fla. R.Crim. P. 3.190(c)(4). To avoid dismissal, the State must file a traverse to deny the material fact or facts asserted in the motion to dismiss.
 
 State v. Sholl,
 
 18 So.3d 1158, 1160 (Fla. 1st DCA 2009). The trial court’s ruling on a motion to dismiss pursuant to rule 3.190(c)(4) is reviewed de novo.
 
 Id.
 

 In the motion to dismiss, Appellee alleged that she had a key to the residence she was alleged to have burglarized, she had permission to enter the residence at any time, the alleged victim never ordered her to leave the residence, and the alleged victim testified in a deposition that he nev
 
 *826
 
 er saw her with a gun. The State’s traverse admitted to these facts. However, it also identified issues of material facts, namely that the alleged victim had earlier stated that Appellee kicked in the door of his residence, that she did not have a key, and that he saw her with a gun. When the motion to dismiss and the traverse are viewed in a light most favorable to the State, it is apparent that there is a dispute over material issues of fact and that the trial court erred in granting the motion to dismiss.
 
 State v. Hudson,
 
 27 So.3d 155, 157 (Fla. 1st DCA 2010) (holding that the State’s traverse created a factual dispute by identifying a prior statement that contradicted a material fact);
 
 State v. Fetherolf,
 
 388 So.2d 38, 39 (Fla. 5th DCA 1980) (holding that a motion to dismiss should have been denied when the traverse contained prior statements by the victim which contradicted material allegations in the motion, despite the fact that the victim had recanted those prior statements).
 

 We REVERSE the trial court’s order granting the motion to dismiss and REMAND for further proceedings consistent with this opinion.
 

 WEBSTER, DAVIS, and VAN NORTWICK, JJ., concur.