PER CURIAM.
 

 In these consolidated appeals, Appellants, Daniel and Benjamin Garrett, challenge the trial court’s order denying their motion to dismiss the charges of operating as a pawnbroker without a license in violation of section 539.001, Florida Statutes. Finding no error, we affirm.
 

 It is undisputed that Appellants, whose license to engage in the pawnbroker business expired in June 2010, failed to renew them license. The State charged them under sections 539.001(3)(a), (3)(c), and (17)(a). Appellants moved to dismiss, arguing that they could not be charged with a third-degree felony under section 539.001(17)(a) because they held a valid license at one time. The trial court rejected this argument and denied the motion to dismiss. These appeals followed.
 

 A trial court’s ruling on a motion to dismiss made pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) is reviewable de novo.
 
 State v. Greene,
 
 43 So.3d 825, 825 (Fla. 1st DCA 2010). An issue of statutory interpretation, which this case involves, is also reviewable de novo.
 
 Clines v. State,
 
 912 So.2d 550, 555 (Fla.2005).
 

 The Florida Pawnbroking Act provides in part that a “person may not engage in business as a pawnbroker unless the person has a valid license issued by the agency.” § 539.001(3)(a), Fla. Stat. (2009). Each license is valid for a one-year period unless it is earlier relinquished, suspended, or revoked. § 539.001(3)(c), Fla. Stat. (2009). Each license must be renewed annually and each licensee must initially, and annually thereafter, pay a license fee
 
 *449
 
 of $300 for each license held.
 
 Id.
 
 Section 539.001(7) sets forth the administrative and civil penalties for pawnbrokers who violate the statutory requirements. Section 539.001(17)(a), the provision at issue in these appeals, provides that “[a]ny person who engages in business as a pawnbroker without first securing a license commits a felony of the third degree.... ” Appellants contend that this provision does not apply to pawnbrokers who fail to renew their license because, in those instances, a license was first secured. Our reading of the statute as a whole refutes this interpretation.
 
 See Clines,
 
 912 So.2d at 557 (noting that all parts of a statute must be read together in order to achieve a consistent whole).
 

 Section 539.001(3)(a) makes clear that a person may not engage in the pawnbroker business without a valid license. Although Appellants may have initially secured a license, they allowed that license to expire and continued to operate in violation of the statute. Appellants’ attempt to create a distinction between an initial license and subsequent renewals overlooks the fact that simply because they satisfied the statute’s eligibility requirements in the past does not mean that their license would have been automatically renewed. Under the statute, Appellants’ act of engaging in the pawnbroker business without renewing their license is no different from a situation where someone engages in the business without ever having been granted a license. In either instance, the person would be engaging in the pawnbroker business “without first securing a license.”
 

 While Appellants also argue that the penalties set forth in section 539.001(7) are the only penalties that pertain to a pawnbroker who fails to renew his or her license, nothing in the statute provides for such. Instead, subsection (7) expressly sets forth that the “remedies provided for in this subsection shall be in addition to any other remedy provided by law.” The criminal penalty provided for in subsection (17) is applicable in this case because Appellants engaged in the pawnbroker business without first securing a license. For this reason, the trial court did not err in denying Appellants’ motion.
 

 Accordingly, we AFFIRM.
 

 DAVIS, THOMAS, and RAY, JJ., concur.